HELVERING, COMMISSIONER OF INTERNAL REVENUE, *v.* ST. LOUIS UNION TRUST CO. ET AL.

No. 25. Argued October 24, 25, 1935.—Decided November 11, 1935.

*Mr. David E. Hudson,* with whom *Solicitor General Reed, Assistant Attorney General Wideman,* and *Messrs. Sewall Key* and *Maurice J. Mahoney* were on the brief, for petitioner.

*Mr. Daniel N. Kirby* for respondents.

By leave of Court, *Mr. Garret W. McEnerney* filed a brief as *amicus curiae,* supporting the contentions of respondents.

Mr. Justice Sutherland delivered the opinion of the Court.

The decedent, several years prior to his death, transferred to a trustee certain securities in trust, to be held, managed and disposed of as an active trust, the net income thereof to be paid to the decedent's daughter during her life, with remainder over to the persons named. The trustee was given discretionary power to terminate the trust whenever the trustee might deem it wise to do so, whereupon the estate was to revert to the grantor. The indenture contained a further provision that if the daughter predecease the grantor, the trust shall terminate and the trust estate be transferred, paid over and delivered to the grantor, to be his absolutely. It is this latter provision which gives rise to the question we are called upon to consider. By the terms of the indenture, the grantor recited that it was his intention to make for the

benefit of his daughter " an absolute and irrevocable gift and settlement of the property . . . so that the grantor shall during the life of his said daughter have no further individual or beneficial interest therein." The grant was final and absolute in terms, and beyond the power of the grantor to revoke or alter. At the death of the grantor, neither of the contingencies upon which the trust estate would revert to the grantor had taken place.

The commissioner assessed a deficiency tax against the estate upon the view that the grantor, having reserved the right to a revestment in him of the trust property, title to which he had conveyed, upon the happening of either of the contingencies mentioned, the transfer to the trustee was one " intended to take effect in possession or enjoyment at or after his death " within the meaning of § 302 (c), Revenue Act of 1924, c. 234, 43 Stat. 253, 304.*

The Board of Tax Appeals decided against the commissioner's view, 28 B. T. A. 107, and its holding was upheld by the court below. 75 F. (2d) 416.

The substantive provision of the act which imposes the tax is § 301 (a); and by that provision the tax is laid " upon the transfer of the net estate of every decedent dying after the enactment of this act." The event which gives rise to the tax is the *death* of the decedent, with the resulting *transfer* of his estate either by will or the law relating to intestacy. When, therefore, § 302 (c) includes within the purview of § 301 (a) a transfer *inter vivos* " intended to take effect in possession or enjoyment at or after his death," it does so upon the theory that such a transfer in effect is testamentary—that is to

---

* Sec. 302 provides that there shall be included in the gross estate the value of all property—

"(c) To the extent of any interest therein of which the decedent has at any time made a transfer, or with respect to which he has at any time created a trust, in contemplation of or intended to take effect in possession or enjoyment at or after his death, . . . "

say, a substitute for either a disposition by will or a passing in virtue of intestacy.

"But such a transfer, not so made, embodies a transaction begun and completed wholly by and between the living, taxable as a gift (Bromley *v.* McCaughn, 280 U. S. 124), but obviously not subject to any form of death duty, since it bears no relation whatever to death. The 'generating source' of such a gift is to be found in the facts of life and not in the circumstance of death. And the death afterward of the donor in no way changes the situation; that is to say, the death does not result in a shifting, or in the completion of a shifting, to the donee of any economic benefit of property, which is the subject of a death tax, Chase Nat. Bank *v.* United States, 278 U. S. 327, 338; Reinecke *v.* Northern Trust Co., 278 U. S. 339, 346; Saltonstall *v.* Saltonstall, 276 U. S. 260, 271; nor does the death in such case bring into being, or ripen for the donee or anyone else, so far as the gift is concerned, any property right or interest which can be the subject of any form of death tax. Compare Tyler *v.* United States, 281 U. S. 497, 503. Complete ownership of the gift, together with all its incidents, has passed during the life of both donor and donee, and no interest of any kind remains to pass to one or cease in the other *in consequence of the death which happens afterward."* (Ital. added.) *Heiner* v. *Donnan,* 285 U. S. 312, 322–323.

The property brought into the estate by subdivision 302 (c) for the purpose of the tax is, as said by this court in *Reinecke* v. *Northern Trust Co.,* 278 U. S. 339, 348,

". . . either property transferred in contemplation of death or property passing out of the control, possession or enjoyment of the decedent at his death. . . . In the light of the general purpose of the statute and the language of [§ 301 (a)] explicitly imposing the tax on net estates of decedents, we think it at least doubtful whether the trusts or interests in a trust intended to be

reached by the phrase in [§ 302 (c)] 'to take effect in possession or enjoyment at or after his death,' include any others than *those passing from the possession, enjoyment or control of the donor at his death* and so taxable as transfers at death under [§ 301 (a)]. That doubt must be resolved in favor of the taxpayer." (Ital. added).

If, therefore, no interest in the property involved in a given case pass "from the possession, enjoyment or control of the donor at his death," there is no interest with respect to which the decedent has created a trust intended to take effect in possession or enjoyment at or after his death. The grantor here, by the trust instrument, left in himself no power to resume ownership, possession or enjoyment except upon a contingency in the nature of a condition subsequent, the occurrence of which was entirely fortuitous so far as any control, design or volition on his part was concerned. After the execution of the trust he held no right in the trust estate which in any sense was the subject of testamentary disposition. His death passed no interest to any of the beneficiaries of the trust, and enlarged none beyond what was conveyed by the indenture. His death simply put an end to what, at best, was a mere possibility of a reverter by extinguishing it—that is to say, by converting what was merely possible into an utter impossibility. This is well stated by the court below (75 F. (2d) at page 418):

"It was only in the case of the happening of certain contingencies over which he had no control that the property would revert to him. One of these contingencies was the death of his daughter prior to his death, while the trust still continued; and the second was a termination by the trustee of the trust during the lifetime of the grantor. Neither of these contingencies occurred, and there was, during the decedent's lifetime, nothing more than a possibility that either would occur. In no proper sense was there an enlargement of the interests of the

beneficiaries of the trust resulting from the death of the decedent. That event merely changed the possibility that the property would revert into an impossibility."

It is not, in reason, possible to find in the circumstances anything which suggests that the death of the grantor, whenever it might happen, would effect any change, or was intended to effect any change, in the extent or quality of the estates conveyed in trust. The only death which could have had any such effect was that of the daughter, the grantee; and that event did not take place.

In that connection see *Matter of Barstow,* 230 App. Div. (N. Y.) 371, 372–3, 244 N. Y. S. 588; aff'd 256 N. Y. 647; 177 N. E. 177. There the donor transferred irrevocably certain property to a trustee to be held in trust for the benefit of two daughters, with the condition that upon the death of both, the fund then in the hands of the trustee was to be transferred back to the donor if then living. The donor died leaving her daughters still living. The court held that the transfer took place when the deed of trust was executed and not when the donor died.

"Mrs. Barstow could do nothing to change the effect of the deed. The corpus was beyond her control, except for the happening of the contingency that she might survive the two life tenants, and then she would have been revested with the corpus. The rights of the beneficiaries did not depend upon the death of the donor. The term of the trust was not measured by the life of the donor, but by the lives of her two daughters. They had an interest in principal and income, provided one or both survived the donor. They took a vested estate subject to being divested if the donor survived both daughters. If we 'are to view the sequence of events in the order of the actual rather than the possible' (Matter of Schmidlapp, 236 N. Y. 278, 286), then we have not only a right, but are bound to conclude that because Mrs. Barstow died before

the termination of the trust which she created, the transfer took place when the deed was executed, and not when she died. There was the contingency that she might survive her daughters, but that did not depend upon any affirmative or volitional act of the donor."

We think it unnecessary further to review the decisions which support our conclusion. In addition to those already cited, the following are in point: *May* v. *Heiner*, 281 U. S. 238, 243; *Coolidge* v. *Long*, 282 U. S. 582; *McCormick* v. *Burnet*, 283 U. S. 784, reversing the Circuit Court of Appeals for the Seventh Circuit (43 F. (2d) 277), and in effect affirming the Board of Tax Appeals, 13 B. T. A. 423, 437; Duke *v.* Helvering, 23 B. T. A. 1104, 1113, aff'd 62 F. (2d) 1057, and affirmed by an equally divided court in 290 U. S. 591; Wallace *v.* Helvering, 27 B. T. A. 902, 910, 913, aff'd 71 F. (2d) 1002, certiorari denied 293 U. S. 600; *St. Louis Union Trust Co.* v. *Becker,.* 76 F. (2d) 851.

The case of *Klein* v. *United States*, 283 U. S. 231, which is strongly relied upon by the Government, does not support its position. There the grantor, 15 months prior to his wife's death, conveyed to his wife by deed a life estate in certain lands. But in the event that she survived the grantor " and in that case only " she was to take the lands in fee simple. The effect of this deed, we held, was that only a life estate was vested, the remainder being retained by the grantor; and whether that should ever become vested in the grantee depended upon the condition precedent that the grantor die during the life of the grantee. The grantor having died first, his death clearly effected a transmission of the larger estate to the grantee. But here the grantor parted with the title and all beneficial interest in the property, retaining no right with respect to it which would pass to anyone as a result of his death. Unlike the *Klein* case, where the death was the generating source of the title, here, as the court below

said, the trust instrument and not the death was the generating source. The death did not transmit the possibility, but destroyed it.

*Judgment affirmed.*

MR. JUSTICE STONE, dissenting.

Decedent, in making disposition of his property by his trust deed, retained a valuable interest in the property by which he postponed final disposition of it until his death. I think that the value of that interest was rightly subjected to the tax imposed by § 302 (c). This conclusion is strengthened and not avoided by construing the section as imposing a tax on the value of the interest which is shifted from donor to donee on the former's death. Although the tax is a death tax, § 302 (c) nevertheless applies to any interest in gifts *inter vivos* which, by their provisions, are "intended to take effect in possession or enjoyment at or after death," and such gifts are subjected to the tax as a death tax if they are not complete until the donor's death. *Reinecke* v. *Northern Trust Co.*, 278 U. S. 339, 345; *Klein* v. *United States*, 283 U. S. 231. The decedent's death, operating upon his gift *inter vivos* not complete until his death, is the event which calls the statute into operation. *Klein* v. *United States, supra*, 234.

The section, in its scope and purpose, is thus similar to § 302 (d) which includes in the decedent's taxable estate the value of his interest held as joint tenant or tenant by the entirety, although created by deed *inter vivos*. *Tyler* v. *United States*, 281 U. S. 497; *Phillips* v. *Dime Trust & S. D. Co.*, 284 U. S. 160. Both provisions prevent tax evasion by subjecting to the death tax, forms of gifts *inter vivos* which may be resorted to, as a substitute for a will, in making dispositions of property operative at death. See *Tyler* v. *United States, supra*, 505.

Compare No. 10, *Helvering* v. *City Bank Farmers Trust Co.,* decided this day, *post,* p. 85.

It seems plain that the gift here was not complete until decedent's death. He did not desire to make a complete gift. He wished to keep the property for himself in case he survived his daughter. He kept this hold upon it by reserving from his gift an interest, terminable only at his death, by which full ownership would be restored to him if he survived his daughter. If he had reserved a power to revoke the trust, if he survived her, *Reinecke* v. *Northern Trust Co., supra,* would have made the gift taxable, as would *Klein* v. *United States, supra,* if he had reserved a remainder in himself with gift over, if he did not survive his daughter. Instead, by using a different form of words, he attained the same end and has escaped the tax.

Having in mind the purpose of the statute and the breadth of its language it would seem to be of no consequence what particular conveyancers' device—what particular string—the decedent selected to hold in suspense the ultimate disposition of his property until the moment of his death. In determining whether a taxable transfer becomes complete only at death we look to substance, not to form. *Klein* v. *United States, supra,* 234; *Chase National Bank* v. *United States,* 278 U. S. 327, 335; *Reinecke* v. *Northern Trust Co., supra,* 345; *Saltonstall* v. *Saltonstall,* 276 U. S. 260, 271. However we label the device it is but a means by which the gift is rendered incomplete until the donor's death. The extent to which it is incomplete marks the extent of the " interest " passing at death, which the statute taxes.

The judgment should be reversed.

The CHIEF JUSTICE, MR. JUSTICE BRANDEIS, and MR. JUSTICE CARDOZO join in this opinion.