FREDERICK DAVIS VAN SICKLEN, HORACE DAVIS VAN SICKLEN AND WELLS FARGO BANK AND UNION TRUST CO., EXECUTORS OF THE LAST WILL AND TESTAMENT OF FREDERICK W. VAN SICKLEN, DECEASED, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 82545. Promulgated January 21, 1937.

*Marshall P. Madison, Esq.,* and *Gerald S. Levin, Esq.,* for the petitioners.
*John D. Kiley, Esq.,* for the respondent.

OPINION.

SMITH: This is a proceeding for the redetermination of a deficiency in estate tax in the amount of $2,995.78. The petition alleges that

the respondent made the following errors in the determination of the deficiency:

(a) In determining that the property acquired jointly by means of community earnings of Frederick W. Van Sicklen and an inheritance of Mrs. Frederick W. Van Sicklen, which appears as item 1 in Schedule D-1 in the estate tax return, Form 706, filed with the Collector of Internal Revenue in San Francisco, California, on or about September 22, 1934, the Commissioner erroneously determined that said property is entirely taxable to the estate of the decedent, in the amount of $10,000.

(b) In determining the transfer under that certain agreement of April 1, 1918, between Frederick W. Van Sicklen and Union Trust Co. of San Francisco (now Wells Fargo Bank & Union Trust Co.), referred to in Schedule E of the estate tax return, Form 706, filed with the Collector of Internal Revenue in San Francisco, California, on or about September 22, 1934 (a copy of which said agreement is hereto attached and marked Exhibit "C"), the Commissioner erroneously determined that the transfer under the provisions of section 302 (c) of the Revenue Act of 1928 [1926], as amended, was made in contemplation of death and/or to take effect at or after death, and therefore the value of the trust property in the sum of $20,068.20 is taxable as part of the gross estate.

The petitioners submitted no evidence in support of their first allegation of error and it must be deemed to have been waived. The material facts were all stipulated.

On April 1, 1918, the decedent, as trustor, and the Union Trust Co. of San Francisco, California, as trustee, entered into a written agreement whereby the trustor transferred to the trustee $30,000 in Liberty bonds and $20,000 of other bonds for the trustee to manage and control and, on the first days of January, April, July, and October of each year, to pay all the income from the corpus to the trustor's daughter, Hilda Van Sicklen, during her life. If and when Hilda Van Sicklen should reach the age of 50, the trustee upon a written request was to pay her, in addition to the income, up to $2,500 a year out of the corpus. Upon her death the trustee was to pay the proceeds to her then living children, if any, and to the children of any deceased child, if any, by right of representation. The trust instrument, so far as material, provided as follows:

The said Trustee is to manage and control the said property and shall have power, with the consent of Hilda Van Sicklen, the daughter of the Trustor, hereinafter called the Beneficiary, and the consent of the Trustor during his life, and of H. D. Pillsbury, of San Francisco, after his death, to sell and dispose of any or all of said property as in its discretion it shall deem most beneficial, and the said Trustee shall reinvest the proceeds of the sale of any such property in first class securities as in its discretion it shall deem best, but only in such securities as shall meet with the approval of said Beneficiary and the Trustor during his life and of said H. D. Pillsbury after his death.

The said Trustee is to pay on the first days of JANUARY, APRIL, JULY and OCTOBER of each year, during her life, the net income from said property to said Beneficiary, and upon the request in writing of said Beneficiary, from and after the date she attains the age of fifty years, the Trustee shall pay to her

each year from the trust property then in its hands, the sum requested by her, but not exceeding in any year the sum of Twenty-five Hundred Dollars ($2500.), said payment so made at the request of said Beneficiary to be in addition to the income paid to her during each year.

Upon the death of the said Beneficiary the trust hereby created shall at once cease and determine and all of the property hereby conveyed to the said Trustee, and the subject of this trust, shall at once go and belong in equal shares to any children of the said Beneficiary then living, should she hereafter marry and have children, and in case any such child shall have then died leaving issue, his or her share shall at once go and belong to such issue in equal shares by right of representation.

In the event that the said Beneficiary shall die without marrying and without leaving issue, then the trust hereby created shall at once cease and determine and all of the property hereby conveyed to the said Trustee, and the subject of this trust, shall at once go and belong to the said Trustor, and, in the event of his death prior to such time, to the estate of said Trustor, and shall be distributed to the legatees or devisees under his will, or shall vest in his heirs at law according to the provisions of the law of succession as they now exist in the State of California.

It is expressly AGREED, and a condition of this trust, that the said Beneficiary shall have the right by an instrument under her hand, acknowledged according to the laws of the State of California, delivered to the said Trustee, and with the consent in writing of the Trustor, or of said H. D. Pillsbury, to revoke this deed of trust, whereupon the property then in the hands of the Trustee hereunder shall at once go and belong to the said Beneficiary, free and discharged from said trust; and the said Beneficiary shall also have the right, by an instrument under her hand, similarly acknowledged and delivered, and consented to by either said Trustor or said H. D. Pillsbury, from time to time to amend this deed of trust in such manner as they shall deem proper.

In the event of the death of either said Trustor or H. D. Pillsbury, the said Beneficiary shall have the right, by an instrument in writing, delivered to the said Trustee, with the consent of the survivor, to name a successor, who shall take the place in all respects hereunder, and with like powers to consent to revocation and amendment hereof, as enjoyed by said Trustor or said H. D. Pillsbury, so deceased, and in the event of the death of both said Trustor and said H. D. Pillsbury, or of their successors without naming a successor to act with said Beneficiary, as herein provided, then the Trustee shall have the power to name, with the consent of said Beneficiary, such successor, who shall, when named, have all the powers herein granted to said Trustor and said H. D. Pillsbury.

The Trustee shall charge for its services as Trustee hereunder the sum of Thirty and no/100 Dollars ($30.00) per year for each year during which this agreement shall be in force, such compensation to be due and payable on the first day of October of each year.

Pursuant to the above agreement the property described therein was delivered by Frederick W. Van Sicklen, the trustor, to the Union Trust Co. of San Francisco, trustee. The trust agreement has remained in force and effect up to the present time. Hilda Van Sicklen, the life beneficiary, survived the trustor, who died on March 6, 1934, and is still living.

In the Federal estate tax return filed by the executors on behalf of the estate of Frederick W. Van Sicklen no value was included in the

gross estate in respect of the trust property described above. In his deficiency notice herein the respondent has included the property in the gross estate at a value of $20,068.20, which was arrived at as follows:

Gross value of the property transferred_____ $72,818.85
Less value of fund to produce $2,500 per year for life of a person 50
   years of age; factor 12.47032 x $2,500=_____ 31,175.80

This remainder is subject to the life estate of the sister [daughter], aged 50 years at date of the decedent's death. Factor .48191 x $41,643.05=_____ $20,068.20

The value of the trust property as determined by the respondent is admitted to be the correct value provided any amount representing such value is to be included in the gross estate.

At the time the trust was created the life beneficiary, Hilda Van Sicklen, was 36 years of age, was not married, and had no issue. At the date of the decedent's death, March 6, 1934, she was 52 years of age, not married, and without issue.

In this proceeding the respondent has made no contention in the deficiency notice or in his brief that the property transferred by the decedent to the trustee under the agreement of April 1, 1918, was made in contemplation of death. His entire argument is that it was made "to take effect at or after death." In view of the fact that the transfer was made approximately 16 years prior to the date of death of the decedent, and of the further fact that the stipulation of facts and the briefs are silent upon the point, it must be deemed that the transfer was not made in contemplation of death.

The statute involved in this proceeding is section 302 (c) of the Revenue Act of 1926, as amended by section 803 of the Revenue Act of 1932, which reads in part as follows:

SEC. 302. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

    \*      \*      \*      \*      \*      \*      \*

(c) To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, in contemplation of or intended to take effect in possession or enjoyment at or after his death, including a transfer under which the transferor has retained for his life or any period not ending before his death (1) the possession or enjoyment of, or the income from the property, or (2) the right to designate the persons who shall possess or enjoy the property or the income therefrom; except in case of a bona fide sale for an adequate and full consideration in money or money's worth. \* \* \*

The pertinent question presented by this proceeding is, Did the possibility of a revestment of the trust property in the testator in the event that the life beneficiary predeceased the testator, without marrying and without leaving issue, make the transfer one intended

to take effect "in possession or enjoyment at or after death" within the meaning of section 302 (c) above quoted? We are of the opinion that this question must be answered in the negative upon the authority of *Helvering* v. *St. Louis Union Trust Co.*, 296 U. S. 39. In the course of its opinion the Court stated:

\* \* \* After the execution of the trust he [testator] held no right in the trust estate which in any sense was the subject of testamentary disposition. His death passed no interest to any of the beneficiaries of the trust, and enlarged none beyond what was conveyed by the indenture. His death simply put an end to what, at best, was a mere possibility of a reverter by extinguishing it; that is to say, by converting what was merely possible into an utter impossibility. This is well stated by the court below, 75 F. (2d) 416, at page 418: "It was only in the case of the happening of certain contingencies over which he had no control that the property would revert to him. One of these contingencies was the death of his daughter prior to his death, while the trust still continued; and the second was a termination by the trustee of the trust during the lifetime of the grantor. Neither of these contingencies occurred, and there was, during the decedent's lifetime, nothing more than a possibility that either would occur. In no proper sense was there an enlargement of the interests of the beneficiaries of the trust resulting from the death of the decedent. That event merely changed the possibility that the property would revert to him into an impossibility."

It is not, in reason, possible to find in the circumstances anything which suggests that the death of the grantor, whenever it might happen, would effect any change, or was intended to effect any change, in the extent or quality of the estates conveyed in trust. The only death which could have had any such effect was that of the daughter, the grantee; and that event did not take place.

Although the facts in the above case differ from those in the case at bar in that the remaindermen there were named in the trust instrument, the reasoning of the Supreme Court in that case is equally applicable in this proceeding. Just as in that case, the testator here retained no right in the trust estate, after the execution of the trust instrument, which was the subject of testamentary disposition. His death enlarged no interest of any of the beneficiaries beyond what was conveyed by the trust indenture.

To the same effect is *St. Louis Union Trust Co.* v. *Becker* (C. C. A., 8th Cir.), 76 Fed. (2d) 851; affd., *Becker* v. *St. Louis Union Trust Co.*, 296 U. S. 48.

Another case in which the facts are closely analagous to those in the proceeding at bar is *Nanaline H. Duke et al., Executors*, 23 B. T. A. 1104. In that case two trusts had been created by the decedent, by the terms of which the income was to be paid to Doris Duke, a daughter of decedent, for life, for the benefit of herself and any child or children and descendant or descendants of Doris Duke. Both trust instruments provided that if Doris Duke should die after the death of the trustor, leaving no child or children or descendant or descendants surviving her, the trusts should cease and determine

and the trust properties should be distributed in accordance with the provisions of any will of Doris Duke, or, if she should leave no will, in accordance with the statutes of New Jersey covering the descent of real property to and among those who would have inherited the properties had the trustor died intestate and owning the same. In that case the Board said:

We see no basis for the contention of the respondent that the transfer of the property was contingent. The property was clearly transferred from the decedent, by the trust instruments. As above set out, the fact that he was trustee is of no importance. Any uncertainty or contingency as to who might eventually receive the trust corpus as the result of the named beneficiary dying or the fact that under a certain contingency the legal heirs of decedent might receive the property does not indicate that the decedent had not parted with the property and all economic benefits thereof in his lifetime. We can not overlook the plain fact that the decedent did not own the property or any economic benefits therein when he died or the fact that no economic interests or benefits therein passed at his death. The entire disposition of the property in so far as the decedent was concerned was completed during his lifetime. The death of the decedent was not the generating source of any right in any beneficiary. Nothing moved from him on his death in so far as the property here involved is concerned. It is unimportant that under certain circumstances other or different beneficiaries might eventually, pursuant to the trust instrument, receive the corpus.

The respondent contends that the facts in the above cited cases are in each instance distinguishable from those in the proceeding at bar and that the decisions are not decisive of the issues involved. He calls attention to the fact that at the date of the decedent's death, March 6, 1934, the beneficiary of the trust created April 1, 1918, was 52 years of age, that she had no children, and that she was unmarried. He then submits:

* * * the stipulated facts disclose that the beneficiary of the trust was 52 years of age at the date of the decedent's death and was unmarried and had no children. Under these facts was title to the trust property affected by decedent's death? Certainly it was. * * *

He further submits that "The death of the decedent passed an immediate vested interest or title in the trust property to the heirs of the decedent."

It can not be assumed legally that a woman of the age of 52 years is incapable of having issue. Cf. *United States* v. *Provident Trust Co.*, 291 U. S. 272.

Under the terms of the trust instrument the testator parted with every vestige of control over the beneficial enjoyment and possession of the trust property when he transferred the same to the trustee. The trust instrument provides:

It is expressly AGREED, and a condition of this trust, that the said Beneficiary shall have the right by an instrument under her hand, acknowledged according to the laws of the State of California, delivered to the said Trustee, and with the consent in writing of the Trustor, or of said H. D. Pillsbury, to revoke

this deed of trust, whereupon the property then in the hands of the Trustee hereunder shall at once go and belong to the said Beneficiary, free and discharged from said trust; and the said Beneficiary shall also have the right, by an instrument under her hand, similarly acknowledged and delivered, and consented to by either said Trustor or said H. D. Pillsbury, from time to time to amend this deed of trust in such manner as they shall deem proper.

By virtue of this provision the beneficiary might at any time, either before or after the death of her father, with the consent of H. D. Pillsbury, or of some other person appointed in his place, take the trust property free and discharged of the trust. This power was vested in the beneficiary from the time of the execution of the trust instrument and still remains in her. In the light of this fact it can not be said, as is contended by the respondent, that "the death of the decedent passed an immediate vested interest or title in the trust property to the heirs of the decedent."

The estate tax is imposed upon the value of the interest of the decedent which ceased by reason of death. In the proceeding at bar the decedent had no interest in the trust property which ceased by reason of his death. The action of the respondent in including in the gross estate of the decedent any amount representing the claimed value of the interest of the decedent in the trust property is reversed

*Judgment will be entered under Rule 50.*