E. PENNINGTON PEARSON, AS EXECUTOR OF THE LAST WILL AND TESTAMENT OF HENRY S. AYER, DECEASED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

CITY BANK FARMERS TRUST COMPANY AND EDWARD PENNINGTON PEARSON, AS TRUSTEES UNDER DEED OF TRUST MADE BY HENRY S. AYER, DATED MAY 17, 1926, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 78778, 79152, 79153.   Promulgated June 4, 1937.

*Russell L. Bradford, Esq., George H. Craven, Esq., George S. Mittendorf, Esq.,* and *Carl Taylor, Esq.,* for the petitioners.

*Frank T. Horner, Esq.,* and *R. F. Staubly, Esq.,* for the respondent.

OPINION.

MORRIS: In order to correctly include the corpora of these trusts in the decedent's gross estate under section 302 of the Revenue Act of 1926—it having been held that section 803 (a) of the Revenue Act of 1932 is not retroactive, *Flora M. Bonney et al., Executrices*, 29 B. T. A. 45; affd., 75 Fed. (2d) 1008—it must be found (1) that the transfers were made in contemplation of death or (2) that they were intended to take effect in possession or enjoyment at or after death. The pertinent provisions of the 1926 Act are as follows:

SEC. 302. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, tangible or intangible, wherever situated—

\* \* \* \* \* \* \*

(c) To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, in contemplation of or intended to take effect in possession or enjoyment at or after death, except in case of a bona fide sale for an adequate and full consideration in money or money's worth. \* \* \*

Section 302 (c) was amended, as follows, by a joint resolution of Congress of March 3, 1931:

(c) To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, in contemplation of or intended to take effect in possession or enjoyment at or after his death, including a transfer under which the transferor has retained for his life or any period not ending before his death (1) the possession or enjoyment of, or the income from, the property or (2) the right to designate the persons who shall possess or enjoy the property or the income therefrom; except in case of a bona fide sale for an adequate and full consideration in money or money's worth.

Subsequently the Revenue Act of 1932 again amended section 302 (c) by section 803. The provisions thereof are substantially the same as the joint resolution just quoted.

Whether a gift is in contemplation of death, that is whether the *inter vivos* transfer of property, in trust, is motivated by contemplation of death, is not to be determined solely from the decedent's age or his physical condition, particularly where the actual motive for the transfer is otherwise evidenced. See *Real Estate Land & Title & Trust Co.* v. *McCaughn*, 79 Fed. (2d) 602. Where a different motive is clearly shown, i. e., a motive associated with life, these factors become unimportant. That is our case. This decedent cared little or nothing for the exercise of ownership or dominion over great wealth. He demonstrated this by his action, as reflected in the several trust agreements entered into after his father's death, in 1880 and 1883. He was content to receive only sufficient income from the wealth at his disposal to maintain him in a relatively modest fashion, under the circumstances. So little of that income did he use—$12,000 annually, in the beginning, and upward of $90,000 during the years under consideration—that the trust grew by several millions of dollars, solely by reason of accumulations from the excess and unused income. Having no profession and, indeed, not having been engaged in business at all since the death of his father, and in fact being almost without interest in business affairs, he began early to relieve himself of all responsibility and burden incident to the ownership of his wealth by trusteeing his properties and reserving the income to himself for maintenance. For instance, in the trust which he created as early as July 30, 1883, he said: "I * * * am desirous of freeing myself from the care and management of my property and prefer instead thereof and of the income derived therefrom a fixed income adequate to my wants * * *." In his trust of May 17, 1926, he expressed the wish "* * * to be relieved from the care and anxiety of holding, managing and investing his property and collecting and disbursing the income therefrom * * *", and, finally, in his trust of September 25, 1928, he expressed the same wish and desire which had been

his from the acquisition of his father's estate. This appears to have been the sole motive for the creation of these two trusts. We find nothing in the history of the decedent's physical condition nor in the other facts of record which would alter this conclusion in the slightest degree. See *United States* v. *Wells*, 283 U. S. 102. *Becker* v. *St. Louis Union Trust Co.*, 296 U. S. 48.

The next contention of the respondent in support of including the corpora of these two trusts in the decedent's gross estate is that the trusts were intended to take effect in possession or enjoyment at or after death. Both trusts were created prior to any act or amendment taxing such trusts as those here involved. The tax is one imposed on transfers at death or made in contemplation of death and is measured by the value at death of the interest which is transferred. *Reinecke* v. *Northern Trust Co.*, 278 U. S. 339; *Helvering* v. *St. Louis Union Trust Co.*, 296 U. S. 39. But here no interest in the property held under the trust deeds passed from the decedent to the living. The trust property had passed completely from the control or possession of the decedent and, as to the 1926 trust, the enjoyment of the income had passed irrevocably from him. The transfers having been completed during the decedent's lifetime, and prior to the amendment of section 302 (c), except those hereinafter discussed, the tax does not attach to the value of the corpora as transfers intended to take effect in possession or enjoyment at or after death. *May* v. *Heiner*, 281 U. S. 238. Nor does the fact that the income from the 1928 trust was payable to the settlor during his life make the value of the corpus of that trust taxable. *May* v. *Heiner, supra.*

One further contention of the petitioner remains to be considered. Eight hundred and twenty-eight thousand dollars was transferred to the 1928 trust after March 3, 1931, the date of the joint resolution of Congress amending section 302 (c) of the Revenue Act of 1926. With respect thereto, the petitioner contends that that amount is not subject to the tax in that the taxation of irrevocable transfers not made in contemplation of death is in violation of the due process of law clause of the Fifth Amendment. That the said amount came within the provisions of the joint resolution is not questioned. Nor can it be successfully argued as to the additions, made after the passage of the joint resolution, that the decedent was not upon notice of the law's command, and there can be no claim that the statute is retroactive in its application to those transfers. *Helvering* v. *City Bank Farmers Trust Co.*, 296 U. S. 85. In that case a similar contention was made under section 302 (d) of the Revenue Act of 1926. The Court, in holding the provisions constitutional, used the following language:

Congress may adopt a measure reasonably calculated to prevent avoidance of a tax. The test of validity in respect of due process of law is whether the

means adopted is appropriate to the end. A legislative declaration that a status of the taxpayer's creation shall, in the application of the tax, be deemed the equivalent of another status falling normally within the scope of the taxing power, if reasonably requisite to prevent evasion, does not take property without due process.

The reasoning of the Court is equally applicable to the instant question. The respondent is, therefore, sustained in his determination as to this item.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*