## COMMISSIONER OF INTERNAL REVENUE v. GROSSE.

### No. 8728.

Circuit Court of Appeals, Ninth Circuit.

Nov. 21, 1938.

James W. Morris, Asst. Atty. Gen., Sewall Key and Lyle M. Turner, Sp. Assts. to Atty. Gen., Herman Oliphant, Gen. Counsel, Department of Treasury, Ralph F. Staubly, Asst. Atty., Treasury Dept., both of Washington, D. C., and Frank J. Hennessy, U. S. Atty., of San Francisco, Cal., for petitioner.

Ben S. Hunter and Howard W. Reynolds, both of Los Angeles, Cal., for respondent.

Before WILBUR, DENMAN, and MATHEWS, Circuit Judges.

WILBUR, Circuit Judge.

The Commissioner petitions for review of a decision of the Board of Tax Appeals in favor of the taxpayer, in the matter of an estate tax in the estate of John Grosse, deceased.

On March 31, 1919, the decedent conveyed, by absolute and unconditional grant deed, a piece of real estate known as the Grosse Building, in Los Angeles, California, to his wife, Annie Grosse, and his children, Harry F. Grosse, Irene Grosse, Florence Grosse, and the Los Angeles Trust & Savings Bank, as joint tenants. On the same day the grantees executed a declaration of trust providing in detail for the payment of the net income derived from the property to the decedent's mother, Mary E. Grosse, and to his wife and children. Upon the death of all the beneficiaries the Los Angeles Trust & Savings Bank, as trustee, was to "convey, deliver and pay over all the corpus of the trust property then in its possession or under its control, as follows:

"Unto the trustor, John Grosse, in the event he survives the termination of said trust.

"In the event the said trustor does not survive the termination of this trust, unto his lineal descendants, if any, per stirpes, and if none, then unto his heirs at law in accordance with the present statute of succession of the state of California."

The declaration of trust further provides that the property is placed in trust for the care, support and maintenance of

the beneficiaries of said trust and for no other purpose whatsoever, and that said beneficiaries are "hereby restrained from disposing of their, or any of their, interests in the income of said trust property or in the corpus thereof."

At the time of the death of the grantor, John Grossé, August 8, 1932, all the beneficiaries of the trust, other than his mother, were living. The value of the real estate conveyed was $600,000. The Commissioner, being of the view that the conveyance and declaration of trust vested a life interest only in the personal grantees, held that the reversionary interest of the decedent was worth $175,152, and that this interest was subject to tax as a part of the decedent's estate for the reason that only upon his death did his lineal descendants become vested with a right to the remainder of the property. This view is advanced by the petitioner in his brief, wherein he contends that " * * * death was the generating source of new rights for the decedent's lineal descendants. Under the provisions of the instrument controlling the transfer, there was no assurance until the death of the trustor that the lineal descendants would ever come into possession or enjoyment of any portion of the trust property. The death of the decedent brought into being enlarged property rights. * * * Upon the death of the survivors, the corpus was to be restored to the trustor. The trustor provided, however, if he should die before the termination of the trust, and only if he should so die, would the remainder be distributed, upon termination of the trust, to his children's children, if any, or, if none, to his heirs at law."

The applicable statute is § 302 (c) of the Revenue Act of 1926, 44 Stats. 9, 70, 26 U.S.C.A. § 411(c), which provides for the inclusion in a taxable estate of a decedent's property transferred "in contemplation of or intended to take effect in possession or enjoyment at or after his death". The Board of Tax Appeals in its findings of fact held that the transfer made March 31, 1919 was not made in contemplation of death. The Board concluded that the decision of the Supreme Court in Helvering v. St. Louis Union Trust Co., 296 U.S. 39, 56 S.Ct. 74, 80 L.Ed. 29, 100 A.L.R. 1239, was controlling and, consequently, that no portion of the trust property should be included in the decedent's estate for the purpose of taxation. The respondent relies upon that decision and also upon the decision in Becker v. St. Louis

Union Trust Co., 296 U.S. 48, 56 S.Ct. 78, 80 L.Ed. 35, rendered by the Supreme Court on the same day. The petitioner endeavors to distinguish the facts in the case at bar from those in Helvering v. St. Louis Union Trust Co., but neither cites nor attempts to distinguish this case from the decision of the Supreme Court in Becker v. St. Louis Union Trust Company. In the case of Helvering v. St. Louis Union Trust Co., the trust indenture provided that [page 75] "if the daughter [the beneficiary] predecease the grantor, the trust shall terminate and the trust estate be transferred, paid over, and delivered to the grantor, to be his absolutely." With reference to the interest of the grantor it was said: "His death passed no interest to any of the beneficiaries of the trust, and enlarged none beyond what was conveyed by the indenture. His death simply put an end to what, at best, was a mere possibility of a reverter by extinguishing it; that is to say, by converting what was merely possible into an utter impossibility." The court further said: "But here the grantor parted with the title and all beneficial interest in the property, retaining no right with respect to it which would pass to any one as a result of his death."

In the case of Becker v. St. Louis Union Trust Company, supra, the decedent had executed separate declarations of trust in favor of each of his four children. These declarations provided that if the beneficiary should die before the death of the trustor " * * * then this trust estate shall thereupon revert to me and become mine immediately and absolutely, or (b) if I should die before her death, then this property shall thereupon become hers immediately and absolutely and be turned over to her and in either case this trust shall cease." [Page 79.] The court said: "The question, therefore, is whether the mere possibility of a reverter stamps the transfer as one intended to take effect in possession or enjoyment at or after the death of the grantor. The decision just rendered [Helvering v. St. Louis Union Trust Co.] answers this question in the negative." See also, McCormick v. Burnet, 283 U.S. 784, 51 S.Ct. 343, 75 L.Ed. 1413, reversing Com'r of Internal Revenue v. McCormick, 7 Cir., 43 F.2d 277.

In the two decisions of the Supreme Court cited (Helvering v. St. Louis Union Trust Co., and Becker v. St. Louis Union Trust Co.) the court was evidently of opinion that the rights of the beneficiaries

and distributees under the trust deed were fixed by the terms of the trust and that these rights passed from the trustor or grantor at the time of the conveyance, that while the death of the trustor definitely fixed the rights of the beneficiaries and distributees under the trust deed, it was not the generating source of their rights.

The petition of the Commissioner herein is in accord with the conclusions reached by the dissenting justices in the above entitled cases.

Order affirmed.