JOHN S. MACK, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 89719. Promulgated January 26, 1939.

*Samuel Kaufman, Esq.,* for the petitioner.
*Lewis S. Pendleton, Esq.,* for the respondent.

222

## OPINION.

HILL: The question for determination here is whether or not the transfers effected under the three trust instruments referred to in our findings of fact above constituted gifts subject to tax under section 501 of the Revenue Act of 1932, which imposes a tax upon the

transfer in trust or otherwise by any individual of property by gift. In respect of all three trusts, it is conceded that petitioner, as grantor, did not in terms retain any power to alter, amend or revoke, and can not revest in himself or his estate any legal or beneficial interest in the property transferred.

We shall first consider the two trusts established for the benefit of petitioner's sons, since the trust instruments, in so far as material to the question presented, contain substantially the same provisions.

Petitioner contends that the transfers in trust for the benefit of his two sons were not present gifts within the purview of section 501, *supra*, for the reasons (1) that the grantor reserved to himself and his wife, during their lifetimes, the power to direct distribution of both income and principal; (2) that upon the death of the named beneficiaries the grantor may designate other beneficiaries both as to principal and income; and (3) that the gifts do not become effective in possession or enjoyment until at or after the death of the grantor. In support of his contentions, petitioner cites and relies upon *Hesslein* v. *Hoey* (C. C. A., 2d Cir.), 91 Fed. (2d) 954.

In the cited case it was held that there was no gift tax liability under a transfer in trust where the grantor divested himself of all beneficial interest in the property transferred but reserved the power to alter the disposition of the property in any way he might from time to time see fit, save only that the alteration must not revest any interest in himself or his estate.

The question here of whether or not there was a gift depends on whether there was a vested present or future title to the trust property in a named or ascertainable beneficiary or beneficiaries. By the terms of the trust instrument the grantor parted irrevocably with all title to, and economic interest in, the trust property. The trust instrument specifically designated certain persons who are to take fixed proportions of the trust estate as beneficiaries upon the happening of certain contingencies and subject to the retained powers by the grantor to direct a partial or complete distribution of the trust property during his lifetime.

Except through the exercise of powers retained by the grantor, none of the trust property, either corpus or income, is to be disposed of or distributed during his lifetime. The distribution of the undistributed trust estate, if any, after the death of the grantor is to be made to the then living distributees designated in the trust instrument. So long as the grantor shall live he will have power to determine whether any of the beneficiaries named in the trust instruments, other than his sons, shall ever receive any of the trust property, or whether they shall receive a less amount of such property than that provided in the trust instruments.

Through an exercise of the powers retained by the grantor the manner of disposition of the trust corpus and income as prescribed by the terms of the trust instruments may be materially modified or completely changed. In fact, either trust may in effect be terminated at any time during the lifetime of the grantor by the complete distribution at his direction of all the trust property to his son, or in the event of the death of the son, then to any member or members, whom he may appoint, of the families of the grantor and his son. Such a distribution of the trust property at the direction of the grantor would operate to eliminate as beneficiaries of the trusts all other persons designated as such in the trust instruments. Such exercise of the retained powers by the grantor would be tantamount to a revocation of the trusts and a substitution of other terms than those of the trust instruments as to the distributees of the trust property. Even if the grantor should choose to direct a distribution of less than the whole of the trust property to his sons or to a selected member or members of his or his sons' families, such action would so alter or change the terms of the trust instruments as to affect materially the economic interests of the designated beneficiaries of the trusts.

Under any view of the potentialities of the retained powers by the grantor it can not be ascertained or determined during the lifetime of the grantor who the distributees will be or what the extent, if any, of their interests in the trust property will be. It can not, therefore, be held that there was a gift *in praesenti* of the trust property so long as the grantor has the power to direct a distribution thereof contrary to the terms of the trust. Even the grantor's sons, independently of the exercise of the grantor's retained powers, will take nothing under the trust instruments until or after the death of the grantor. Neither will the sons take anything if they should predecease the grantor. If either son be not living at the time of the death of the grantor other distributees named in the trust instrument may take by substitution, but not in remainder, the income and corpus of the trust which would have been distributable to the son had he survived the grantor. In the event of either son's death prior to that of the grantor there will have been no intervening estate or title vested in him prior to that which may be vested in the substituted distributees.

Independently of the exercise of the retained powers by the grantor in their behalf the sons' interests in the trust property will vest only upon their surviving the grantor and at the death of the latter. If any interest in the trust property shall vest in either son prior to the death of the grantor it will be because of the exercise in his behalf of the retained powers by the grantor, and not by virtue of

the terms of the trust instrument. Such a vesting would constitute a gift to him independently of the trust. The son's enjoyment or possession of the trust property by virtue of the trust instrument will take effect only at or after the death of the grantor.

Under this state of facts, upon the death of the grantor the property conveyed in trust would be includable in his estate for estate tax purposes under section 803 of the Revenue Act of 1932, which is in part as follows:

SEC. 803.—FUTURE INTERESTS.

(a) Section 302 (c) of the Revenue Act of 1926, as amended by the Joint Resolution of March 3, 1931, is amended to read as follows:

"(c) To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, * * * intended to take effect in possession or enjoyment at or after his death, * * * or (2) the right, either alone or in conjunction with any person, to designate the persons who shall possess or enjoy the property or the income therefrom; except in case of a bona fide sale for an adequate and full consideration in money or money's worth. * * *"

See also section 401 of the Revenue Act of 1934, amending section 302 (d) of the Revenue Act of 1926, to read in part as follows:

(d) (1) To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, where the enjoyment thereof was subject at the date of his death to any change through the exercise of a power, either by the decedent alone or in conjunction with any person, to alter amend, or revoke, * * *

Cf. *Porter* v. *Commissioner*, 288 U. S. 436; *Dort* v. *Helvering*, 69 Fed. (2d) 836; *Commissioner* v. *Chase National Bank of New York*, 82 Fed. (2d) 157; *Hoblitzelle* v. *United States* (Ct. Cls.), 3 Fed. Supp. 331; *Cook* v. *Commissioner*, 66 Fed. (2d) 995; *Witherbee* v. *Commissioner*, 70 Fed. (2d) 696.

A gift of property, the possession or enjoyment of which is to take effect only at or after the death of the donor, or a gift of property in certain designated proportions to certain named persons, with power retained by the donor during his lifetime to change materially the economic interests of the donees in such property, or to eliminate entirely certain of the named donees from participating in such gift, is not a gift *in praesenti*.

The title to such property vests in the donees only at the death of the donor and is not a transfer that is subject to the gift tax. Such property would be includable in a deceased donor's estate for estate tax purposes under section 302 (c) of the Revenue Act of 1926, as amended by section 803 (a) of the Revenue Act of 1932, and section 302 (d) of the Revenue Act of 1926 as amended by section 401 of the Revenue Act of 1934. Except in the case of gifts in contemplation of death, the provisions of the statute imposing the gift

tax and of the statute imposing the estate tax are mutually exclusive. Cf. *Colonial Trust Co., Executor*, 38 B. T. A. 1398; *Harriet W. Rosenau*, 37 B. T. A. 468; *Burnet* v. *Guggenheim*, 288 U. S. 280.

On the question of whether there was a gift *in praesenti*, the instant case is distinguishable from the case of *Helvering* v. *St. Louis Union Trust Co.*, 296 U. S. 39. In that case the net income of the trust was to be paid to the trustor's daughter during her life, with remainder over to persons named. The trustee had power to terminate the trust whenever he might deem it wise to do so, whereupon the estate was to revert to the grantor. The indenture provided that if the daughter predeceased the grantor the trust should terminate and the trust estate be paid over and delivered to the grantor absolutely. The Commissioner assessed a deficiency in estate tax against the estate of the grantor under section 302 (c) of the Revenue Act of 1924, on the theory that the transfer to the trustee was one intended to take effect in possession or enjoyment at or after his death. The Supreme Court in its opinion said:

The grant was final and absolute in terms, and beyond the power of the grantor to revoke or alter. At the death of the grantor, neither of the contingencies upon which the trust estate would revert to the grantor had taken place.

\* \* \* \* \* \* \*

The event which gives rise to the [estate] tax is the *death* of the decedent, with the resulting *transfer* of his estate either by will or the law relating to intestacy. When, therefore, section 302 (c) includes within the purview of section 301 (a) a transfer inter vivos "intended to take effect in possession or enjoyment at or after his death," it does so upon the theory that such a transfer in effect is testamentary; that is to say, a substitute for either a disposition by will or a passing in virtue of intestacy.

\* \* \* \* \* \* \*

"Complete ownership of the gift, together with all its incidents, has passed during the life of both donor and donee, and no interest of any kind remains to pass to one or cease in the other *in consequence of the death which happens afterwards.* \* \* \*"

The property brought into the estate by subdivision 302 (c) for the purpose of the tax is, as said by this court in *Reinecke* v. *Trust Co.*, 278 U. S. 339, 348, \* \* \*

"Either property transferred in contemplation of death or property passing out of the control, possession or enjoyment of the decedent at his death."

\* \* \* \* \* \* \*

It is not, in reason, possible to find in the circumstances anything which suggests that the death of the grantor, whenever it might happen, would effect any change, or was intended to effect any change, in the extent or quality of the estates conveyed in trust. The only death which could have had any such effect was that of the daughter, the grantee, and that event did not take place.

In that case the gift was *in praesenti* and was a life estate in the donee, the enjoyment and possession of which took effect immediately and was not postponed until or after the death of the donor. The death of the donor did not, as the Court said, "bring into being or ripen for the donee or any one else, so far as the gift was concerned,

any property right or interest which can be the subject of any form of death tax."

In the *St. Louis Union Trust Co.* case the death of the donor "simply put an end to what, at best, was a mere possibility of a reverter by extinguishing it; that is to say, by converting what was merely possible into an utter impossibility." The present case is distinguishable in that only the death of the donor will render determinable the extent of the exercise or nonexercise of a power of voluntary control over the disposition of the trust property materially different from that prescribed by the trust instrument, and not until his death can the status of the beneficiaries named in the trust instrument relative to their interests, if any, in the trust property, be determined. Such interests as the named beneficiaries may have in the trust property being determinable only upon the death of the grantor, their possession and enjoyment thereof can take effect only at or after the death of the grantor.

In the *St. Louis Union Trust Co.* case the grantor had absolutely no control over the contingencies which might operate to reinvest in him the trust property. In the instant case there can be no reverter of either title or economic interest in the grantor, but during his lifetime he has the retained power to control the disposition of the property as among the named beneficiaries and some persons not so named, even to the exclusion of some of them.

In the instant case, until the death of the grantor it will be impossible to determine who will be the distributees of the trust property or the extent of their distributable shares, if any, unless the grantor during his lifetime shall have directed a complete disposition of all of the trust property under his retained powers so to do.

Generally speaking, the cases which hold that there was a gift *in praesenti* of trust property, notwithstanding a contingent reversion thereof to the grantor, are cases in which there was an irrevocable conveyance in trust for the benefit of a named beneficiary for life, with the condition that upon the death of such beneficiary the fund then in the hands of the trustee was to be transferred back to the grantor if then living. In such a case the grantor can do nothing to change the effect of the indenture of trust. In such a case the property is beyond his control, except for the happening of a contingency over which he has no control, and the rights of the beneficiary do not depend either upon the death of the grantor or upon the exercise of retained powers during his lifetime.

That is not the situation in the present case. It is true that the term of the trust is not measured by the life of the grantor, but he has retained power to determine the term of the trust by terminating it through directing a complete distribution of the trust property

at any time during his lifetime. For this reason the trust has no assured life beyond the grantor's lifetime, and it can not be said that during his lifetime the term of the trust is measurable by any determinable period. Whether or not the term of the trust shall extend beyond the lifetime of the grantor depends on whether or not the grantor shall make a complete distribution of the trust property during his lifetime. The trust as a functioning entity, freed from the power of the grantor to change its terms, can not begin to operate until after the death of the grantor; nor even then if the grantor shall have directed a complete distribution during his lifetime of all the trust property.

Except as to his sons, the grantor has the power so to alter or modify the terms of the trust as to exclude every beneficiary designated in the trust instrument from ever enjoying or possessing any interest in the property in question. What then did he give, if anything, to his sons by the terms of the trust, and upon what conditions? He gave them at his death, (a) the accumulated income, if any, (b) not to exceed 50 percent of the principal of the trust, payable in specified installments if and when they should attain certain ages, and (c) the current income of the trust for life. If, however, either son should predecease the grantor, he would receive nothing by virtue of the trust. His survival of the grantor is a condition precedent to the vesting of title in the son. There was, therefore, no gift to either son *in praesenti* of any of the trust property, but only a gift to take effect in enjoyment or possession at or after the death of the grantor. Cf. *Klein* v. *United States*, 283 U. S. 231.

In the case of *Thomas E. Wells*, 34 B. T. A. 315; affd., 88 Fed. (2d) 339 (C. C. A., 7th Cir.), the only question involved was whether the gift was one of present or future interests. The Commissioner determined a deficiency in gift tax on the theory that the gift was of future interests, and that hence the taxpayer was not entitled to exclude therefrom the amount of $5,000 in determining the taxable amount of the gift. The taxpayer created three irrevocable trusts, one for each of his three minor children, and transferred shares of corporate stock to each of the three trusts. Each of the trust instruments provided as follows: (1) That the income of the trust, after payment of expenses, taxes, etc., be accumulated until the beneficiary reached the age of 21 years or died before that time; (2) upon reaching the age of 21 years the beneficiary was to receive the income until he reached the age of 30 years, or until the death of his mother, whichever occurred first, then he was to receive the corpus; and (3) in the event of the death of the beneficiary before the time of the

distribution of the trust, the corpus was to go to his children, and in default of issue, to other children of the taxpayer.

The present proceeding is distinguishable from the *Wells* case in the following essental particulars: In that case the interest of the beneficiary in the trust property became unalterably fixed and irrevocable upon the creation of the trust. Neither the trustor nor any one else had any power to alter or modify the provisions or term of the trust. The death of the trustor had no relationship to the vesting of the interest of the beneficiary or to his possession or enjoyment of the trust property. The term of the trust was measured by a certain specified period in the life of the beneficiary or, in the alternative, by the term of his life should his death occur within such specified period. In the latter event, the trust provided that certain ascertainable persons should take the trust property, with no power in the trustor to appoint others so to take.

For the reasons indicated, we hold that the two transfers in trust for the benefit of petitioner's sons were not gifts subject to the tax imposed by section 501, *supra.*

The instrument creating the trust for the benefit of petitioner's wife provided that the trustee should pay the income to her for life without restriction, and so much of the principal as the grantor during his lifetime might direct. The wife was also given a general power of appointment by will or codicil over the principal of the trust as it might exist at her death. If the wife predeceased the grantor without exercising her power of appointment, then the grantor reserved the right to direct distribution of income and principal to such distributees, exclusive of himself, as he might appoint. The balance of the trust property not so distributed was to be paid over to the trustees of the Mack Foundation.

Thus, it appears that the grantor divested himself of all beneficial interest in the trust property and relinquished any present right of control with respect to the designation of beneficiaries. The possibility of reversion to the grantor of the power to name other beneficiaries depended upon the happening of two future contingencies, neither of which was under his control, namely, (1) the death of his wife during his lifetime, and (2) her failure to exercise her general power of appointment. In our opinion, the mere possibility of the reversion of such a power of control is too remote to render the transfer to the trustee for the benefit of petitioner's wife nontaxable as a gift. Cf. *Nanaline H. Duke et al., Executors,* 23 B. T. A. 1104; affd., 62 Fed. (2d) 1057; affd., 290 U. S. 591; *Helvering* v. *St. Louis Union Trust Co., supra,* at page 45; *Tait* v. *Safe Deposit & Trust Co. of Baltimore,* 74 Fed. (2d) 851, 857; *Commissioner* v. *Stokes,* 79 Fed. (2d) 256, 258; *Sydney R. Bliss,* 26 B. T. A. 962, 966.

As to the trust for the benefit of his wife, petitioner argues that the transfer should not be taxable as a gift for the reason that if the wife died during the lifetime of the grantor without exercising her power of appointment, the grantor might then appoint the entire amount of the principal to a charity, and such ultimate transfer would not be subject to a gift tax. The answer to this contention is that petitioner as grantor now has no present power to make such an appointment, and the contingencies by virtue of which alone he might reacquire such a power may never happen. We think it is clear that, under the doctrine of the *Duke* case and other decisions above cited, petitioner has retained no such interest in or control over the trust corpus as would, if cut off by death, subject the property to the estate tax as a part of his gross estate.

Where the grantor of a trust retains a general power of appointment the corpus must be included in his gross estate under section 302 (c), Revenue Act of 1926, as amended, and this is true even though the trust instrument be irrevocable, *Harriet W. Rosenau, supra.* But the petitioner in the instant case retained no such power; by express provision he gave the power to his wife, and the trust corpus will therefore be taxable as a part of her gross estate, not of petitioner's. In such situation, the fact that the corpus of the trust may be included in the wife's gross estate at her death is no sufficient reason to hold that the prior transfer in trust of the property by gift from petitioner to his wife should not be subject to the gift tax imposed by section 501, *supra.*

*Decision will be entered under Rule 50.*