**BRADLEE et al. v. WHITE, Collector of Internal Revenue.**

No. 5502.

District Court, D. Massachusetts.

Feb. 2, 1940.

Francis Fay Miller and John G. Palfrey, (of Warner, Stackpole, Stetson & Bradlee), both of Boston, Mass., for plaintiff.

C. Keefe Hurley, Asst. U. S. Atty., of Boston, Mass., (Edmund J. Brandon, U. S. Atty., of Boston, Mass., Samuel O. Clark, Jr., Asst. Atty. Gen., and Andrew D. Sharpe and John E. Garvey, Sp. Assts. to Atty. Gen., on the brief), for defendant.

SWEENEY, District Judge.

This is an action to recover estate taxes alleged to have been illegally assessed, collected, and retained. The plaintiffs are the duly appointed and qualified executors of the will of Arthur T. Bradlee, who died on August 31, 1925.

The case was tried and submitted on November 7th, and decision was withheld pending the United States Supreme Court's decision in Helvering v. Hallock and Rothensies v. Huston, 60 S.Ct. 444, 84 L. Ed. ——, both of which were decided January 29, 1940.

▮ The agreed statement of facts filed by the parties is adopted as my findings of fact under Rule 52 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

They disclose that on April 24, 1922, the plaintiff's testator, Arthur T. Bradlee, created a trust in which it was provided that:

"First. The trustees shall pay the entire net income of the trust fund in their hands as trustees quarterly, or oftener at

570

their discretion, to Gertrude Bradlee Senior during her life." and

"Second. Upon the death of said Gertrude Bradlee Senior, the entire trust fund then in the hands of the trustees shall be transferred and paid over, absolutely and free of all trust, to said Arthur T. Bradlee if he survives her; and if he does not survive her, said trust fund shall be distributed or held in trust" for the children of said Arthur T. Bradlee, and others, as provided therein. The creator of the trust did not survive Gertrude Bradlee, Sr.

The estate tax return filed by these plaintiffs did not include the value on August 31, 1925, of the remainder interest, after the death of Gertrude Bradlee, Sr., in the property held under the declaration of trust. The Commissioner ruled that this should have been included in the gross estate. The value of this remainder interest was $63,348.75. Eventually the plaintiffs paid a tax of $14,016.14 together with interest in the amount of $1,116.61. A claim for refund having been denied, this suit was brought to recover the amounts paid.

It was agreed between the parties that the transfers by the deceased Bradlee to the trustees under the declaration of trust were not in fact made in contemplation of death. The question is therefore whether the remainder interest should have been included in the gross estate of the deceased Bradlee as an interest therein "of which the decedent has at any time made a transfer, or with respect to which he has at any time created a trust, * * intended to take effect in possession or enjoyment at or after his death."

The plaintiffs rely on the decision of Helvering v. St. Louis Union Trust Co., 296 U.S. 39, 56 S.Ct. 74, 80 L.Ed. 29, 100 A.L.R. 1239, and seek to distinguish that case from Klein v. United States, 283 U. S. 231, 51 S.Ct. 398, 75 L.Ed. 996. It is unnecessary to consider this attempted distinguishment, since the Supreme Court, on Monday of this week, in the case of Helvering v. Hallock, supra, and associated cases, clearly disposed of the "seeming disharmony" of the results in those cases. It specifically rejected "as untenable the diversities taken in the St. Louis Trust cases in applying the Klein doctrine" because they ate "into the principle which those cases professed to accept". [60 S.Ct. 453.] Adhering to those principles,

and adopting the language of the Klein case, the court stated: "It is perfectly plain that the death of the grantor was the indispensable and intended event which brought the larger estate into being for the grantee and affected its transmission from the dead to the living, thus satisfying the terms of the taxing act and justifying the tax imposed."

 On the agreed facts I reach the conclusion of law that a remainder interest in the trust property was retained by Arthur T. Bradlee, the transmission of which could only be effected upon his death during the life of Gertrude Bradlee, Sr. When that event happened the remainder vested in the erstwhile contingent beneficiaries, and, being grounded upon the death of the grantor, it plainly comes within the terms of the taxing statute. The value of the remainder interest as of August 31, 1925, has been stipulated by the parties. The assessment and collection of the taxes was therefore proper.

The plaintiff's motion for judgment is denied. Judgment may be entered for the defendant with costs.