**PEEK et al. v. UNITED STATES.**

No. 1102.

District Court, E. D. Pennsylvania.

April 2, 1941.

William C. Alexander, Jr., and Foulkrod, Sheppard, Porter & Alexander, all of Philadelphia, Pa., for plaintiffs.

Thomas J. Curtin, Asst. U. S. Atty., and Gerald A. Gleeson, U. S. Atty., both of Philadelphia, Pa., and Leon F. Cooper, Sp. Asst. Atty. Gen., for defendant.

KIRKPATRICK, District Judge.

This is an action by the executors of a decedent's estate to recover an alleged overpayment of estate taxes in the amount of $2,190 with interest.

The decedent, 16 months prior to her death and when 61 years old, transferred certain real estate by deed, reserving to herself for life a ground rent of $600 per year. The deed, in the usual form of ground rent deed, also contained personal covenants by the grantees that they would pay the rent in quarterly installments to the grantor during the term of her life. There was a provision that the ground rent might be extinguished at the election of the grantees at any time before the death of the grantor upon payment by them of $15,000 to the grantor, in addition to all ground rent paid or in arrears. There was no other consideration for the transfer. The value of the property at the time of the decedent's death was $15,000.

The pertinent part of the Statute, Revenue Act of 1926, c. 27, 44 Stat. 9, § 302(c) 26 U.S.C.A. Int.Rev.Code, § 811(c)(1), is as follows: "The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property * * * of which the decedent has at any time made a transfer * * * under which he has retained for his life * * * (1) the * * * enjoyment of * * * income from, the property."

The question involved is whether the ground rent is income from the property.

It seems to me wholly unnecessary to enter upon an investigation of the precise nature of a ground rent·in Pennsylvania. Nor need it be determined whether the fact that this particular ground rent is not a perpetual grant takes it out of the class of technical ground rents and makes it an "impure annuity." Bosler v. Kuhn, 8 Watts & S., Pa., 183. We are here dealing with a taxing statute and are concerned, not with "distinctions which originated under a feudal economy," but with the question, What did Congress have in mind when it used the words, "income from, the property"?

It may also be conceded, as the defendant argues, that the owner of the property subject to a ground rent has a fee-simple estate, unencumbered so long as there are no arrears. See Ingersoll v. Sargeant, 1 Whart., Pa., 337; Birdsell v. Brennan, 21 Pa. Dist. & Co. R. 583. The fact remains that if this rent falls into arrears the original grantor may proceed against the property very much in the same way that he might proceed to foreclose a mortgage. This characteristic clearly distinguishes the case from that of an ordinary annuity. The distinction is made plain in the opinion of the Board of Tax Appeals in Clise v. Commissioner, 41 B.T.A. 820, 824, an annuity case, where is was stated, "The property (money) which she was 'transferring' was irretrievably gone and for it she was getting a promise of an annuity, payment of which was not limited or related to income from the consideration which she paid, but was to be made at all events." In the present case, the ground rent deed did contain a promise by the grantees to pay the rent, but, inasmuch as performance could be enforced against the land, it certainly cannot be said that the property transferred is irretrievably gone or that the ground rent was in no way related to the land.

Bearing in mind the rules for interpreting taxing statutes when they are brought to bear upon rights defined by subtle distinctions in the law of property, given in Helvering v. Hallock, 309 U.S. 106, 118, 60 S.Ct. 444, 84 L.Ed. 604, 125 A.L.R. 1368, it can well be said that the practical mind, considering results, would have some difficulty in accepting the conclusion that this grantor had not retained the enjoyment of income from the property. The Supreme Court in Helvering v. Hallock, supra, 309 U.S. 114, 60 S.Ct. 449, 84 L.Ed. 604, 125 A.L.R. 1368, approving the dissent in Helvering v. St. Louis Union Trust Co., 296 U.S. 39, 56 S.Ct. 74, 80 L.Ed. 29, 100 A.L.R. 1239, said, "Congress meant to include in the gross estate inter vivos gifts 'which may be resorted to, as a substitute for a will, in making dispositions of property operative at death.' * * * To effectuate this purpose practical considerations applicable to taxation and not the 'niceties of the art of conveyancing' were their touchstone."

The conclusion is that in the present case the grantor made a transfer of property under which she retained for her life the enjoyment of the income from the property.

The question whether the estate is taxable under Sec. 302(a) of the Revenue Act of 1926, as contended by the Government, need not be decided.

There is no substantial dispute about the facts. Both the plaintiff's and the defendant's requests for fact findings are all affirmed.

The plaintiff's requests for conclusions of law are all denied. The defendant's third, fourth, fifth, sixth, seventh, and eighth requests are affirmed. The first and second are not answered.

Judgment for the defendant.