ESTATE OF FLORA W. LASKER, DECEASED, MARY L. FOREMAN AND FRANCES LASKER, SUCCESSOR EXECUTORS, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 101290. Promulgated June 23, 1942.

*A. L. Hopkins, Esq., Jay C. Halls, Esq.*, and *Harry D. Orr, Jr., Esq.*, for the petitioners.

*Franklin F. Korell, Esq.*, and *David Altman, Esq.*, for the respondent.

OPINION.

ARUNDELL: The issues raised by the petition and answer have been settled by stipulation of the parties or will be determined upon recomputation under Rule 50.

The only question remaining for our decision was affirmatively raised by respondent in his amended answer and is whether or not the decedent's gifts in trust are includible in her gross estate under section 302 (a), as amended,[1] 302 (c), as amended,[2] or 302 (d), as amended,[3] of the Revenue Act of 1926. Respondent claims that the gifts in trust were conditional because decedent reserved the right to modify, that decedent did not intend to make present gifts at the time of the creation of the trusts, and that, in any event, the intent of decedent was that the possession or enjoyment of the gifts should take effect only at or after her death, thus complying with the literal words of section 302 (c), as amended.

We must first determine whether the trusts which were in effect at decedent's death were the original trusts as created by her in 1931, or were the trusts as modified by the several amendments, including the amendments of June 26, 1935. If these amendments were valid and effectual modifications of the original instruments, it is clear that decedent retained no interests of any kind in the trusts at the date of her death. As we understand it, respondent questions only the modifications of June 26, 1935.

---

[1] SEC. 302. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated, except real property situated outside the United States. [As amended by sec. 404, Revenue Act of 1934.]
    (a) To the extent of the interest therein of the decedent at the time of his death.

[2](c) To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, in contemplation of or intended to take effect in possession or enjoyment at or after his death, or of which he has at any time made a transfer, by trust or otherwise, under which he has retained for his life or for any period not ascertainable without reference to his death or for any period which does not in fact end before his death (1) the possession or enjoyment of, or the right to the income from, the property, or (2) the right, either alone or in conjunction with any person, to designate the persons who shall possess or enjoy the property or the income therefrom; except in case of a bona fide sale for an adequate and full consideration in money or money's worth. Any transfer of a material part of his property in the nature of a final disposition or distribution thereof, made by the decedent within two years prior to his death without such consideration, shall, unless shown to the contrary, be deemed to have been made in contemplation of death within the meaning of this title. [As amended by sec. 803 (a), Revenue Act of 1932.]

[3](d) (1) To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, where the enjoyment thereof was subject at the date of his death to any change through the exercise of a power, either by the decedent alone or in conjunction with any person, to alter, amend, or revoke, or where the decedent relinquished any such power in contemplation of his death, except in case of a bona fide sale for an adequate and full consideration in money or money's worth. [As amended by sec. 401, Revenue Act of 1934.]

\*        \*        \*        \*        \*        \*        \*

By the amendments of June 26, 1935, made prior to decedent's death, the possibility of further modification of the trusts in any manner was removed. Under the original trust instruments modification or termination of the trusts was possible during the lifetime of decedent by reason of paragraph VIII of each trust. By written instruments signed by two trustees other than decedent and in accordance with the provisions of paragraph VIII, the trustees eliminated paragraph VIII from each trust. Power to modify or terminate a trust may be vested in the trustee. Bogert, Trusts and Trustees, sec. 1000; Scott, The Law of Trusts, secs. 331, 334.1; *Schrever* v. *Schrever*, 101 App. Div. 456; affd., 182 N. Y. 555; *Lillard* v. *Lillard*, 63 Ohio App. 403, 26 N. E. (2d) 933. Moreover, the fact that decedent gave the power to modify or terminate to the trustees regardless of the consent of the beneficiaries is strong evidence that the trustees owed no duty to the beneficiaries of the trusts to refrain from exercising that power. See *Reinecke* v. *Smith*, 289 U. S. 172, 176. Thus, the trusts were amended so as to make them completely irrevocable and unamendable. Consequently, at decedent's death she had no power to alter, amend, revoke, or terminate the trusts and, furthermore, had no interests therein. It is these trusts as so amended, rather than the original trusts, which were in effect at decedent's death.

The conclusion reached on this point disposes of respondent's contentions that the value of the trusts was includible in decedent's estate either under section 302 (a), as amended, or section 302 (d), as amended. Decedent retained no interest in the trusts which would be subject to tax under section 302 (a), as amended. Moreover, at the date of her death decedent possessed no right to alter, amend, or revoke the trusts nor, as the parties have stipulated that the question of contemplation of death is not here involved, did she relinquish such a right in contemplation of death. Consequently, section 302 (d) is not applicable. Since we have determined that the amended trusts were the determinative ones, we need not consider the question of whether the original trusts would have been includible in decedent's estate under section 302 (d), as amended. See *Helvering* v. *City Bank Farmers' Trust Co.*, 296 U. S. 85, 89; *Virginia L. Houghteling, Executrix*, 40 B. T. A. 508.

The principal contention of respondent is that the gifts in trust were intended to take effect in possession or enjoyment at or after decedent's death within the meaning of section 302 (c) of the Revenue Act of 1926, as amended. He claims that the gifts were originally intended to take effect at or after her death and that nothing which the trustees did or could do subsequent to the creation of the trusts could change the nature of those gifts. With this contention we do not agree. We think it immaterial whether the trusts as originally constituted might have been modified by decedent, since, as we have shown,

the trusts with which we are concerned were the amended trusts. Whatever rights decedent might have had in the trusts were eliminated by the action of the trustees in making the several modifications, including the amendment of June 26, 1935.

The decision of the Supreme Court in *Reinecke* v. *Northern Trust Co.*, 278 U. S. 339, completely answers respondent's argument that the gifts in trust were intended to take effect at or after death. In that case the Supreme Court had before it the question of the inclusion in a decedent's gross estate of the value of the corpora of certain trusts which decedent had created. In those trusts decedent had created life tenancies in certain individuals but with remainder over five years after the death of the decedent. The Court, in holding that the gifts in trust were not intended to take effect in possession or enjoyment at or after the decedent's death, stated:

But the question much pressed upon us remains whether, the donor having parted both with the possession and his entire beneficial interest in the property when the trust was created, the mere passing of possession or enjoyment of the trust fund from the life tenants to the remaindermen after the testator's death, as directed, and after the enactment of the statute, is included within its taxing provisions. * * *

* * * In the light of the general purpose of the statute and the language of section 401 explicitly imposing the tax on net estates of decedents, we think it at least doubtful whether the trusts or interests in a trust intended to be reached by the phrase in section 402 (c) "to take effect in possession or enjoyment at or after his death," include any others than those passing from the possession, enjoyment, or control of the donor at his death and so taxable as transfers at death under section 401. That doubt must be resolved in favor of the taxpayer. * * *

The *Northern Trust Co.* case is solid authority for a negative answer to respondent's contention that section 302 (c), as amended, should be applied without regard to whether ownership or control is retained in the settlor-decedent. See *Commissioner* v. *Kellogg*, 119 Fed. (2d) 54. The *Northern Trust Co.* case makes it clear that, in order that a gift may be included in the donor's estate as intended to take effect in possession or enjoyment at or after death, it is necessary that something pass from decedent at death. Here it is obvious that nothing passed. We do not think that the cases of *Helvering* v. *Hallock*, 309 U. S. 106; *Klein* v. *United States*, 283 U. S. 231, and *Estate of Mary H. Hughes*, 44 B. T. A. 1196, require a contrary result. In those cases, incidents of ownership, however slight, were retained by the decedent, and expired, were relinquished, or were eliminated by the death of the decedent. Here we have no life interest such as was retained in the *Hughes* case, nor do we have a possibility of reverter or other attribute of title in decedent such as was present in the *Hallock* case. However the *Hallock* and similar cases may tend to indicate a philosophy of

taxation, we are not prepared to attempt to impeach the validity of *Reinecke* v. *Northern Trust Co.*, *supra*, which is clearly applicable to the facts here. Accordingly, the issue must be decided for petitioner.

We can not agree with the inference respondent sought to draw from the facts stipulated by the parties. The matter in issue was raised by respondent and the burden of proof consequently rests on him. Inferences are not to be resolved in favor of the party having that burden.

*Decision will be entered under Rule 50.*