**CHASE NAT. BANK OF CITY OF NEW YORK v. UNITED STATES.**

**No. 94.**

Circuit Court of Appeals, Second Circuit.

Dec. 23, 1940.

Samuel 'O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, Norman D. Keller, and Edward First. Sp. Assts. to the Atty. Gen., for defendant-appellant.

Ewing Everett, of New York City (Malcolm Johnson, of New York City, O. H. Chmillon, of Washington, D. C., and Miller & Chevalier, of New York City, of counsel), for petitioner-appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

The question before us on this appeal is whether the proceeds of an insurance policy upon the life of Forrest E. Dryden were properly included in his gross estate upon assessment of estate taxes thereon under Section 302(g) of the Revenue Act, 26 U.S.C.A. Int.Rev.Acts, pages 227, 231, which was operative at the time of Dryden's death on July 19, 1932.

The provisions for consideration are as follows:

"Sec. 302. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

\*     \*     \*     \*     \*

"(g)  To the extent of the amount receivable by the executor as insurance under policies taken out by the decedent upon his own life; and to the extent of the excess over $40,000 of the amount receivable by all other beneficiaries as insurance under policies taken out by the decedent upon his own life. * * *"

The decedent Dryden had a twenty-year endowment insurance policy which matured in 1920. In settlement of this policy, and under one of the options it contained, Dryden in December, 1920, accepted a participating paid-up policy in which he named his wife as beneficiary. The policy provided for the payment of $50,000 to his wife "if the Beneficiary survive the Insured, otherwise to the executors, administrators or assigns of the Insured, immediately upon receipt of due proof of the death of the Insured."

No power was expressly retained to revoke the policy or change the beneficiary with respect to the face amount of the policy. The insured had the option to. receive any dividends in cash or to apply such dividends to the purchase of paid-up additions to the policy. Between the years 1922 and 1931 the insured, in the exercise of his option, applied dividends payable under the policy to the purchase of paid-up additional insurance in the amount of $6,-517 for the same beneficiary. Upon his death on July 19, 1932, his widow received $50,000 representing the face amount of the policy, $6,517 representing the additional insurance, and a mortuary dividend of $373.48. The Commissioner of Internal Revenue included all three sums aggregating $56,890.48 in the gross estate of the decedent subject to estate tax. No question is made that $373.48 was properly included in the gross estate. The statutory exemption of $40,000 was taken with respect to other life insurance policies. The inclusion of the two items of $50,000 and $6,517 in the gross estate is the only matter in question. The executor of Dryden paid a tax based on the inclusion of all three items and brought this suit for recovery of the further tax arising thereby. The District Court held that the Commissioner had erred in including the items of $50,000 and $6,517 in the gross estate and directed judgment for recovery of the additional tax based thereon in favor of the executor.

Whatever may have been the situation before the decision in Helvering v. Hallock, 309 U.S. 106, 60 S.Ct. 444, 84 L.Ed. 604, 125 A.L.R. 1368, we think that the possibility of reverter which was in the insured and would have resulted in payment of $50,000 and $6,517 to his estate, had his wife died before him, was terminated by his death, and this determination of his interest was an event which rendered the interest includable in his gross estate.

In Bingham v. United States, 296 U.S. 211, 56 S.Ct. 180, 80 L.Ed. 160, Section 402(f) of the Revenue Act of 1918, 40 Stat. 1097, 1098, was considered. That section was similar to Section 302(g) of the Act of 1926 now before us. A majority of the Supreme Court held that the statute was not to be construed as applicable to an insurance policy made payable to a beneficiary directly or by assignment where no power was reserved in the insured to change the beneficiary, pledge or assign the policy or assignment, without the beneficiary's consent, even though by the terms of the policy or assignment, if such beneficiary had not survived the decedent, the proceeds would have gone to the insured's estate. Justice Sutherland's opinion relied on Helvering v. St. Louis Union Trust Co., 296 U.S. 39, 56 S.Ct. 74, 80 L.Ed. 29, 100 A.L.R. 1239, and Becker v. St. Louis Union Trust Co., 296 U.S. 48, 56 S.Ct. 78, 80 L.Ed. 35, where the corpus of trusts created by a settlor inter vivos was held not to be taxable as a transfer "intended to take effect in possession or enjoyment at or after his death." In each case there was a reversionary interest reserved to the settlor in

case the beneficiary died before him. But the decisions in Helvering v. St. Louis Union Trust Co. and Becker v. St. Louis Union Trust Co. were overruled in Helvering v. Hallock, 309 U.S. 106, 60 S.Ct. 444, 84 L.Ed. 604, 125 A.L.R. 1368, and Bingham v. United States must fall with them. In Helvering v. Hallock the court was not dealing with an insurance policy but with trusts in which the settlor retained a reversionary interest which terminated with his death like that in the St. Louis Trust decisions. But we can see no essential difference and accordingly regard the proceeds of the policies involved in the case at bar as coming to the beneficiary through the death of the insured. Such a succession falls directly within the terms of Section 302(g). The theory of taxation closely resembles that applied to joint tenancies. There, upon the death of one of the joint tenants, the entire res must be included in his gross estate so far as it was derived from his property. Tyler v. United States, 281 U.S. 497, 50 S.Ct. 356, 74 L.Ed. 991, 69 A.L.R. 758.

In Bailey v. United States, 31 F.Supp. 778, the Court of Claims held that the proceeds of insurance policies should be included in the estate of the insured where no power was reserved in the policies to change the beneficiary and where his estate would have been entitled to receive the proceeds if the beneficiary had died before him. The court had before it facts closely similar to those in the case at bar and relied on Helvering v. Hallock, 309 U.S. 106, 60 S.Ct. 444, 84 L.Ed. 604, 125 A.L.R. 1368, in arriving at its decision. See, also, Broderick v. Keefe, 112 F.2d 293, and Klein v. United States, 283 U.S. 231, 51 S.Ct. 398, 75 L.Ed. 996.

The language of Section 302(g) is of the broadest kind. It in terms includes in the gross estate of a decedent amounts receivable by all other beneficiaries. Only because of regulations and certain judicial decisions has Section 302(g) not been extended to cases where the insured has retained no interest in a policy taken out on his own life. As an original question, even such a policy might have been thought to fall within Section 302(g) because of its inherent testamentary character. But since the decision in Helvering v. Hallock, 309 U.S. 106, 60 S.Ct. 444, 84 L.Ed. 604, 125 A.L.R. 1368, it is unnecessary to rely on the testamentary character of the transaction for it seems plain that when the death

of the insured terminates all rights of his estate to receive payment under the policy and fixes them unalterably in the beneficiary, under the provisions of Section 302(g) the proceeds must be added to the estate of the decedent for purposes of taxation. In Tyler v. United States, 281 U.S. 497, 503, 50 S.Ct. 356, 359, 74 L.Ed. 991, 69 A.L.R. 758, when the inclusion of the entire value of an estate by the entirety was being discussed, the Supreme Court said that the question was: "not whether there has been, in the strict sense of that word, a 'transfer' of the property by the death of the decedent, or a receipt of it by right of succession, but whether the death has brought into being or ripened for the survivor, property rights of such character as to make appropriate the imposition of a tax upon that result (which Congress may call a transfer tax, a death duty or anything else it sees fit), to be measured, in whole or in part, by the value of such rights."

It is contended on behalf of the petitioner that the taxation of receipts from such a policy as we have here was unconstitutional, but the contention has no merit. The policy was taken out in 1920 when there were the same provisions in Section 402(f) of the Revenue Act of 1918 that were later incorporated in Section 302(g) of the Act of 1926. Accordingly the statute cannot be objected to as retroactive. Taxation of property passing at death under various conditions has been sustained by the courts. Tyler v. United States, 281 U.S. 497, 50 S.Ct. 356, 74 L.Ed. 991, 69 A.L.R. 758; Milliken v. United States, 283 U.S. 15, 51 S.Ct. 324, 75 L.Ed. 809; Helvering v. City Bank Farmers Trust Co., 296 U.S. 85, 56 S.Ct. 70, 80 L.Ed. 62; Helvering v. Bullard, 303 U.S. 297, 58 S.Ct. 565, 82 L.Ed. 852.

Finally, it is argued that the government must fail if, in order to sustain the tax, it is compelled to apply Helvering v. Hallock, supra, and thereby to rely on the "survivorship" clause in the policy since it did not invoke that clause in the court below. Indeed, it is said that in the court below it waived any contention "that an interest passed to the beneficiary as the result of the death of the assured" and confined itself to the position that the insurance moneys were taxable because inherently testamentary in character. Nevertheless at all times it relied on the provisions of Section 302(g) as the basis for

taxation and is now simply giving new reasons to show that Section 302(g) is applicable. It is quite impossible to suppose that a new reason for the application of a statute always relied on may not be considered by this court because of the ruling in Helvering v. Wood, 309 U.S. 344, 60 S.Ct. 551, 84 L.Ed. 796. Indeed, in Helvering v. Leonard, 310 U.S. 80, 60 S.Ct. 780, 84 L.Ed. 1087, the Supreme Court did the very thing the government is asking us to do here. It decided that Section 22(a) of the Revenue Act rendered certain income of a trust taxable against the settlor and reached this conclusion upon an argument first made before it which had not been presented to the court below.

In respect to the alleged waiver in the case at bar it differs from that relied on in Helvering v. Wood, (1) because there was no stipulation, formal or informal, confining the government to reliance upon a specified section of the Revenue Act or to the issue as to whether the transaction was inherently testamentary in character; (2) because the statement quoted from the government's brief is too vague and ambiguous to exclude consideration of the effect of the "survivorship clause", and (3) because the object of the statement was apparently to disclaim any contention that the insured had retained rights to revoke or modify the insurance policy. Helvering v. Hallock had not then been decided. Accordingly it seems evident that the effect of the "survivorship" clause was not a matter contemplated when the supposed waiver was offered.

For the foregoing reasons, the judgment must be reversed and the petition dismissed.