## UNITED STATES v. BROWN et al.
### No. 10185.

Circuit Court of Appeals, Ninth Circuit.
Feb. 12, 1943.

Samuel O. Clark, Jr., Asst. Atty. Gen., Sewall Key, Gerald L. Wallace, and L. W. Post, Sp. Assts. to Atty. Gen., and Leo V. Silverstein, U. S. Atty., E. H. Mitchell, Asst. U. S. Atty., and Eugene Harpole, Sp. Atty., Bureau of Internal Revenue, all of Los Angeles, Cal., for appellant.

Clark J. Milliron, of Los Angeles, Cal., for appellee.

Before GARRECHT, STEPHENS, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

The appeal is from a judgment awarding refund of estate taxes paid under protest. The question presented is whether, under the provisions of § 302(c) of the Revenue Act of 1926, 26 U.S.C.A. Int.Rev.Acts, page 227, all or any portion of the value of the corpus of an irrevocable trust was includible in the gross estate of the trustor.

The taxpayers are the executors of the last will of Frederick L. Brown who died in 1934 at the age of 67. In 1923 Brown[1] created an irrevocable trust whereby he transferred to himself and his two sons, as trustees, certain shares of stock then owned by him. The trust was not created in contemplation of death. The trustor retained no power to alter or amend the trust instrument, nor did the instrument make provision for reversion of any part of the corpus. It provided, however, that the trustor should receive the first $30,000 of the trust income. Thereafter the trustees were to pay him during his life $500 per month out of income. A similar monthly income was then to be paid to the trustor's wife. Subject to an accumulation to secure the foregoing payments, the balance of the income was distributable mainly to their three children. In line with these provisions, the trustor actually received during his lifetime 31% of the total trust income.

The trust was to terminate upon the death of the survivor of Brown and his wife. Thereupon the corpus was to vest absolutely in equal shares in their children, if living. If any child should then be dead, his share was to vest in his issue and spouse in stated proportions. In default of issue or spouse the share would vest as if that child had not been named. The trust was in full force at the time of Brown's death in 1934. It terminated according to its terms upon the death of his wife in 1940.

The estate tax return filed by the executors in 1935 disclosed no tax. The Commissioner assessed a deficiency, including in the gross estate 31% of the value of the shares. In making the assessment the Commissioner presumably relied upon the amendment effected by the Joint Resolution of March 3, 1931, Ch. 454, 46 Stat. 1516.[2] He now concedes, in line with

---

[1] Brown's wife joined with him in executing the trust instrument.

[2] Section 302(c) of the Revenue Act of 1926 provided that the value of the gross estate of the decedent should be determined by including the value at the time of his death of all property "to the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, in contempla-tion of or intended to take effect in possession or enjoyment at or after his death * * *."

The section as amended by the Joint Resolution of March 3, 1931, added to the foregoing the following verbiage "or of which he has at any time made a transfer, by trust or otherwise, under which he has retained for his life or any period not ending before his death, (1) the pos-

Hassett v. Welch, 303 U.S. 303, 58 S.Ct. 559, 82 L.Ed. 858, that the amendment was not retroactive. He contends, however, that the decedent made a transfer by trust which was intended to take effect in possession or enjoyment at or after his death within the meaning of § 302(c) as it read prior to the amendment. "This is true," he says, "because the rights of the remaindermen were in fact contingent upon their surviving the decedent"; hence that the ultimate disposition of the corpus of the trust was suspended during the lifetime of the decedent. Moreover, he says, at least 31% of the trust corpus is includible in the gross estate under § 302(c), because the decedent received that portion of the trust income during his lifetime pursuant to an express reservation in the trust indenture.

For present purposes, the trust is indistinguishable from that involved in May v. Heiner, 281 U.S. 238, 50 S.Ct. 286, 287, 74 L.Ed. 826, 67 A.L.R. 1244, where it was held on the authority of Reinecke v. Northern Trust Company, 278 U.S. 339, 49 S.Ct. 123, 73 L.Ed. 410, 66 A.L.R. 397, that the property of the trust was not within the reach of an identical taxing statute. The court there thought that the trust "was not testamentary in character"; that upon the death of the trustor, Mrs. May, "no interest in the property held under the trust deed passed from her to the living"— that it was merely "obliterated" by her death.

Congress felt differently about the matter. It believed that trust arrangements of the kind involved in May v. Heiner, and here, are palpable substitutes for a will. See Committee Report quoted in Hassett v. Welch, supra, 303 U.S. at page 310, 58 S.Ct. 559, 82 L.Ed. 858. And we ourselves are persuaded that devices of this character are far more nearly akin to testamentary dispositions than they are to ordinary gifts inter vivos; hence are within the spirit if not the precise letter of § 302(c) of the 1926 Act.

But the question is not what Congress thought or what we think, but what the Supreme Court thinks. Decision of the case necessarily turns on the inquiry wheth-

er May v. Heiner, supra, is presently the law. The current of decisions has doubtless encompassed May v. Heiner, but we are in no position to hold that the tide has overturned it.[3] It would be fruitless to undertake a review of the cases touching one way or another on this subject. As late as 1938 the court, in Hassett v. Welch, supra, appears to have regarded May v. Heiner as subsisting authority. The court did not expressly or by necessary implication overrule it in Helvering v. Hallock, 309 U.S. 106, 60 S.Ct. 444, 84 L.Ed. 604, 125 A.L.R. 1368. In the Hallock case the court fixed upon the provision for a reversion of the corpus as the "string" warranting the inclusion, under § 302(c), of the assets transferred in trust. There is here no string; at least there is none appearing in the trust indenture itself, although it may be theoretically possible for a state of facts to arise which would defeat the trust. Accordingly, the judgment below must stand on the authority of May v. Heiner.

Affirmed.

---

session or enjoyment of or the right to income from, the property, or (2) the right to designate the persons who shall possess or enjoy the property or the income therefrom."

The section was subjected to further clarifying amendment in the Revenue Act of 1932, § 803(a).

[3] Compare Commissioner v. Kellogg, 3 Cir., 119 F.2d 54.