**NEW YORK TRUST CO. et al. v.
UNITED STATES.**

Court of Claims.

Oct. 4, 1943.

Charles C. Parlin, of New York City (John A. Reed and Wright, Gordon, Zachry, Parlin & Cahill, all of New York City, on the brief), for plaintiffs.

Elizabeth B. Davis, of Washington, D.C., and Samuel O. Clark, Jr., Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar, both of Washington, D.C., on the brief), for defendant.

Before WHALEY, Chief Justice, and LITTLETON, WHITAKER, and MADDEN, Judges.

LITTLETON, Judge.

Laura H. Jennings died July 8, 1939. February 13, 1924, she executed an irrevocable trust instrument under the terms of which the income from the trust was to be paid to her for life. At her death the principal or corpus of the trust was to be divided into shares, the income paid to her three children if then living and the principal to go ultimately to persons appointed by them or their children or their heirs.

The Commissioner of Internal Revenue held that the value of the trust property so transferred in this irrevocable trust of 1924 was includable in the decedent's gross estate for the purpose of determining the value of the net estate subject to tax as a "transfer to take effect in possession or enjoyment at or after death," under section 811(c), Internal Revenue Code.

The sole question presented here is whether the retention by the settlor-decedent during her life of the income of the

1924 trust requires the value of the corpus of the trust fund to be included in the gross estate upon her death July 8, 1939, as an interest intended to take effect in possession or enjoyment at or after death within the meaning of the applicable provisions of the estate-tax provisions of the pertinent taxing acts.

At the time the decedent created the trust in question on February 13, 1924, the Revenue Act of 1921, 42 Stat. 227, 278, was in effect and section 402(c) thereof provided: "That the value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—to the extent of any interest therein of which the decedent has at any time made a transfer, or with respect to which he has at any time created a trust, in contemplation of or intended to take effect in possession or enjoyment at or after his death (whether such transfer or trust is made or created before or after the passage of this Act), except in case of a bona fide sale for a fair consideration in money or money's worth." This provision was re-enacted in section 302(c) of the Revenue Act of 1924 and in section 302(c) of the Revenue Act of 1926, 26 U.S.C.A. Int.Rev.Acts, pages 67, 227. No change was made in the language of the Revenue Act of 1926 until the approval of the Joint Resolution of Congress on March 3, 1931, 26 U.S.C.A. Int.Rev.Acts, page 227. By that Joint Resolution subsection (c) was amended to read as follows (the italicized portion being the amendment added by the Joint Resolution): "To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, in contemplation of *or intended to take effect in possession or enjoyment at or after his death, including a transfer under which the transferor has retained for his life or any period not ending before his death (1) the possession or enjoyment of, or the income from, the property or (2) the right to designate the persons who shall possess or enjoy the property or the income therefrom; * * *."*

■ Prior to approval of Joint Resolution 529, of March 3, 1931, 46 Stat. 1516, 26 U.S.C.A. Int.Rev.Act page 227, no part of the value of trust property, or fund, under an irrevocable trust instrument, such as is involved in this case, was includable in the gross estate of the decedent as a gift or transfer to take effect in possession or enjoyment at or after death because the decedent retained the income of the trust during his lifetime. May et al., Executors, v. Heiner, 281 U.S. 238, 239, 50 S.Ct. 286, 74 L.Ed. 826, 67 A.L.R. 1244; Burnet v. Northern Trust Co., 283 U.S. 782, 51 S.Ct. 342, 75 L.Ed. 1412; Morsman, Administrator, v. Burnet, 283 U.S. 783, 51 S.Ct. 343, 75 L.Ed. 1412; McCormick v. Burnet, 283 U.S. 784, 51 S.Ct. 343, 75 L.Ed. 1413.

In May v. Heiner, supra, decided April 14, 1930, the income of the trust fund was payable to the husband of the settlor-decedent for his life and after his death the income was payable to the decedent during her lifetime with remainder over to her children. The court held that this was not a gift intended to take effect in possession or enjoyment at or after death. In Burnet v. Northern Trust Co., supra, and in the other two cases cited, which were decided at the same time on March 2, 1931, the court held that where under a trust instrument the income was payable to the settlor during his lifetime and upon his death the trust was to terminate and the property was to be distributed among his children, no part of the trust fund was includable in the gross estate of decedent as a gift intended to take effect in possession or enjoyment at or after death.

■ The Joint Resolution of March 3, 1931, amending section 302(c) of the Revenue Act of 1926, was passed as a result of decisions of the Supreme Court in the Northern Trust Company, Morsman, and McCormick cases above cited on March 2. The Joint Resolution of March 3, 1931, was not retroactive and did not apply to property transferred by an irrevocable trust created prior to date of its approval. Hassett v. Welch, et al. (Helvering v. Marshall, Administrator), 303 U.S. 303, 307, 58 S.Ct. 559, 82 L.Ed. 858. The Hassett and Marshall cases were decided in 1938 and held that no part of the value of a trust fund created prior to March 3, 1931, is subject to an estate tax because of the retention by the settlor of the income therefrom for his life.

Defendant argues that the decisions in May v. Heiner, supra, and Burnet v. Northern Trust Co., supra, were overruled in Helvering v. Hallock et al., Trustees, 309 U.S. 106, 60 S.Ct. 444, 84 L.Ed. 604, 125 A.L.R. 1368. We do not agree with this contention. The Hallock case dealt only with the effect, for tax purposes, of

the reservation by the settlor of a reversionary interest in the corpus of the trust property which it was held was a sufficient beneficial interest in the trust property to justify the inclusion of the value of the trust property in the gross estate as an interest which ceased by reason of death, the court saying, at page 112 of 309 U.S., at page 448 of 60 S.Ct., 84 L.Ed. 604, 125 A.L.R. 1368, in commenting upon Klein v. United States, 283 U.S. 231, 51 S.Ct. 398, 75 L.Ed. 996, "By bringing into the gross estate at his death that which the settlor gave contingently upon it, this Court fastened on the vital factor."

In the Hallock case the court decided only that the retention of a possibility of reversion of the trust property to the settlor required the inclusion of the value of the trust property in the gross estate, and made no reference to the effect of retention for life of the income of an irrevocable trust, a far different question which had been settled in prior decisions to which no reference was made. We cannot hold that the opinions in May v. Heiner, Burnet v. Northern Trust Co., and Hassett v. Welch, supra, were overruled by inference by the opinion in Helvering v. Hallock, supra.

In filing the federal estate-tax return on which a tax of $557,210.87 was computed and paid, the executors computed such tax by deducting the full 80 per cent credit for New York estate and inheritance taxes allowed by section 813(b) of the Internal Revenue Code (finding 3). Upon audit of the return the defendant asserted a net deficiency in Federal estate tax after making a provisional allowance of $357,048.62 on account of an allowable 80 per cent credit for state estate and inheritance taxes provided by section 813(b), supra. It is not possible at this time to determine the exact amount of overpayment of federal estate tax made by plaintiffs for the reason that the exact amount of the New York estate and inheritance tax liability cannot be ascertained until the issue in this case as to whether the trust property is or is not taxable is determined. The New York State tax officials have been unwilling to determine the amount of the estate-tax liability until the issue presented in this case is determined.

Judgment in favor of plaintiffs for the exact amount of overpayment of the federal estate tax made as a result of the erroneous inclusion in the gross estate of the value of the trust fund at the date of decedent's death, after allowance of the full 80 percent for New York estate and inheritance taxes, as provided for by section 813(b) of the Internal Revenue Code, will be entered upon the filing by the parties of a stipulation as to the amount of the credit for New York taxes and of the correct amount of refund of federal estate tax due. If the parties are unable to stipulate the correct amount of overpayment to be included in the judgment, the case will be referred to a commissioner of the court for the taking of proof and the making of a report to the court in the premises. It is so ordered.

JONES, Judge, took no part in the decision of this case.