**HELVERING v. PROCTOR et al.**

**SAME v. WASHINGTON TRUST CO.**

**Nos. 166, 76.**

Circuit Court of Appeals, Second Circuit.

Jan. 12, 1944.

L. W. Post, of Washington, D. C., Samuel O. Clark, Jr., Asst. Atty. Gen. and Sewall Key, Sp. Asst. to Atty. Gen., for petitioner.

John G. Jackson and George B. Brooks, both of New York City, for Proctor, et al.

Charles Welles Gross, of Hartford, Conn., for Washington Trust Co.

George Roberts and Henry L. Steitz, both of New York City, for trustees.

Before L. HAND, CHASE, and FRANK, Circuit Judges.

L. HAND, Circuit Judge.

These appeals (petitions to review) are from two orders of the Tax Court, expunging deficiencies in estate taxes, assessed against executors of two decedent estates under the following circumstances. In Proctor's case the testatrix on December 18th, 1923, had executed two deeds, by one of which she transferred securities to trustees to pay the income to herself for life, and at her death to divide the principal into two equal parts, the principal of one of which they were to pay over to her son "in absolute property", and the income of the other they were to pay over to the son during his life, with remainders upon his death to her grandchildren then living, "per capita and not per stirpes." If the son died before her, the trustees were to distribute the principal upon her death among her grandchildren then living per capita; if the son should die "during * * * the trust", and if the grantor died without grandchildren, she limited a remainder to the "heirs at law or legal representatives" of her son and daughter. The other deed was the counterpart of that just described except that the grantor's daughter replaced her son as beneficiary.

In the Washington Trust Company case the testator had executed two deeds of trust, one on December 11, 1923, and the other in September, 1929. By the first he

transferred securities to trustees to pay the income during his life to anyone whom he should designate", any residue to accumulate; and upon his death to pay so much of the income to his wife for life "as she may request", and on her death, if she survived him, or on his death, if she did not, to pay the income to his children then living, with survivorship in case any child had died without issue: the share of any child who died leaving issue to pass to his issue. It is not necessary to set out in full the detailed provisions of the second deed; they present no variants from the first which are relevant to the question involved here. The Commissioner ruled—and a minority of the Tax Court agreed—that in the case of all four trusts, the principal should be included in the gross estate of the grantor at the time of his or her death, by virtue of that passage in § 302(c) of the Revenue Act of 1926, 26 U.S.C.A. Int.Rev.Acts, page 227, which before the amendment of 1931, read as follows: "To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, * * * intended to take effect in possession or enjoyment at or after his death." A majority of the Tax Court held, however, that May v. Heiner, 281 U.S. 238, 50 S.Ct. 286, 74 L.Ed. 826, 67 A.L.R. 1244, which they described as "solidly grounded on Reinecke v. Northern Trust Company, 278 U.S. 339 [49 S.Ct. 123, 73 L.Ed. 410, 66 A.L.R. 397]," forbade this result and they therefore expunged the deficiencies. The minority observed that there was a difference between May v. Heiner, supra, and Reinecke v. Northern Trust Company, supra, in that the life interest in the May v. Heiner, supra, had been limited to the settlor, while in the Reinecke v. Northern Trust Company, supra, it had been limited to another person, terminable five years after the death of the settlor. The minority held that while this was a sufficient distinction to support Reinecke v. Northern Trust Company, supra, 278 U.S. 339, 49 S.Ct. 123, 73 L.Ed. 410, 66 A.L.R. 397, the rationale of Helvering v. Hallock, 309 U.S. 106, 60 S.Ct. 444, 84 L.Ed. 604, 125 A.L.R. 1368, inevitably led to the conclusion that the language just quoted from § 302(c) should be enforced as it read; that May v. Heiner, supra, 281 U.S. 238, 50 S.Ct. 286, 74 L.Ed. 826, 67 A.L.R. 1244, had been overruled; and that in all cases in which

a settlor reserved to himself a life interest, with remainders over, the principal of the fund must be included in his estate at his death. We do not understand that anyone asserts that any distinction exists between a case where the settlor reserves a life interest to himself and where he reserves a power to appoint to others the income during his life, as he did in the Washington Trust Company case.

The opinion of the majority in Helvering v. Hallock, supra, did not explicitly, or by inference from anything said, declare that May v. Heiner, supra, 281 U.S. 238, 50 S.Ct. 286, 74 L.Ed. 826, 67 A.L.R. 1244, was no longer law. We do not forget that in a note on page 120 of 309 U.S., page 452 of 60 S.Ct., 84 L.Ed. 604, 125 A.L.R. 1368, Frankfurter, J., spoke of the "Congressionally discarded May v. Heiner doctrine;" but it would be quite unwarranted from that to infer that the court meant to overrule that "doctrine," and the note was added for quite another purpose. The minority was arguing that the distinction between Klein v. United States, 283 U.S. 231, 51 S.Ct. 398, 75 L.Ed. 996, and Helvering v. St. Louis Union Trust Co., 296 U.S. 39, 54 S.Ct. 74, 80 L.Ed. 29, 100 A.L.R. 1239, had received Congressional recognition by later legislation, because, although the doctrine of May v. Heiner, supra, 281 U.S. 238, had been "discarded", Congress had left Helvering v. St. Louis Union Trust Co., supra, untouched. It was to meet this argument that the note was directed; it was intended negatively: i.e., to prove that the amendment was not a legislative recognition that the distinction between Klein v. United States, supra, and Helvering v. St. Louis Union Trust Co. remained in effect; it cannot properly be interpreted as holding that the amendment was a legislative interpretation that May v. Heiner, supra, had been wrongly decided. Perhaps it was wrongly decided; perhaps the amendment is evidence that it was; but the Supreme Court did not say so, or indicate that it thought so. It is true that Roberts, J. in his dissent found no difference (309 U.S. at page 127, page 455 of 60 S.Ct., 84 L.Ed. 604, 125 A.L.R. 1368) between that decision and Helvering v. St. Louis Union Trust Co., supra, 296 U.S. 39, 56 S.Ct. 74, 80 L.Ed. 29, 100 A.L.R. 1239, and apparently thought that consistently, May v. Heiner, supra, must also fall, but the majority did not share his opinion.

Helvering v. Hallock, supra, 309 U.S. 106, 60 S.Ct. 444, 84 L.Ed. 604, 125 A.L.R. 1368, was concerned with quite another situation. The settlor had provided that, if he survived his wife—who had a life estate—the remainder went to him; but if she survived him, the remainder went to her. All that was decided was that, when that was the intent, it made no difference what was the form of words used. It was enough that the settlor's death cut off an interest which he had reserved to himself upon a condition then determined; that made the remainder a part of his estate. This we have already once decided. Bankers Trust Company v. Higgins, 2 Cir., 136 F.2d 477. If therefore May v. Heiner, supra, 281 U.S. 238, 50 S.Ct. 286, 74 L.Ed. 826, 67 A.L.R. 1244, is to be overruled, we do not see how Helvering v. Hallock, supra, can be thought to contribute to that result; it must be overruled by a new and altogether independent lift of power, which it is clearly not ours to exercise. Furthermore, if the Commissioner is right, Helvering v. Hallock, supra, 309 U.S. 106, 60 S.Ct. 444, 84 L.Ed. 604, 125 A.L.R. 1368, also overruled Hassett v. Welch, 303 U.S. 303, 58 S.Ct. 559, 82 L.Ed. 858, sub silentio. That decision had held that the amendment to § 302(c) did not operate retroactively; and it would not have been necessary to discuss that question, nor would the actual result have been the same, if May v. Heiner, supra, 281 U.S. 238, 50 S.Ct. 286, 74 L.Ed. 826, 67 A.L.R. 1244, had not been law. Finally, our decision is in accord with United States v. Brown, 9 Cir., 134 F.2d 372, and with New York Trust Company v. United States, 51 F.Supp. 733, decided by the Court of Claims on October 4, 1943. Indeed, we should have been content to affirm the orders before us on the authority of these cases and our own, save for the differences of opinion which have developed. Since the right answer is obviously not as plain as it appears to us to be, we have felt that we should state our reasons.

Orders affirmed.

FRANK, Circuit Judge (dissenting).

For the following reasons, I agree with the minority of the Tax Court that Helvering v. Hallock, 309 U.S. 106, 60 S.Ct. 444,

84 L.Ed. 604, 125 A.L.R. 1368, overruled May v. Heiner, 281 U.S. 238, 50 S.Ct. 286, 74 L.Ed. 826, 67 A.L.R. 1244.

Virtually all commentators agree that May v. Heiner was wrongly decided because it ignored the plain wording of § 302(c). For a remainder following a life estate reserved to the donor had always, before the enactment of § 302(c), been regarded as one which takes "effect in possession or enjoyment at or after his death." The words "possession or enjoyment" were words of art with a well-settled meaning, and their use in § 302(c) clearly showed that Congress meant that the time of passing or vesting of title should be of no consequence. Yet in May v. Heiner [281 U.S. 238, 50 S.Ct. 287, 74 L.Ed. 826, 67 A.L.R. 1244], the court held that § 302(c) did not apply to the transfer of such a remainder because the transfer was "not testamentary in character," was "beyond recall by the decedent," and because "title * * * had been definitely fixed by the trust deed." In Matter of Keeney, 194 N.Y. 281, 283, 87 N.E. 428, the court said (in language quoted with approval in Helvering v. Bullard, 303 U.S. 297, 302, 58 S.Ct. 565, 568, 82 L.Ed. 852), "It is true that an ingenious mind may devise other means of avoiding an inheritance tax, but the one commonly used is a transfer with a reservation of a life estate." Patently, Congress, in § 302(c), intended to close that "commonly used" loophole. In United States v. Brown, 9 Cir., 134 F.2d 372, 373, the court said that such "arrangements" are "within the spirit if not the precise letter of § 302(c) of the 1926 Act." I think they are within the precise letter, for I agree with Paul who remarks that that section fitted the Heiner case "like a glove." [1]

I agree that it is not for us to overrule a decision of the Supreme Court, no matter how erroneous we may think it. But we have not hesitated to decide that the Supreme Court itself has, by clear implication, overruled one of its earlier decisions and have shown no reluctance to follow "a pronounced new doctrinal trend" in that court.[2] Indeed, we followed such a course with reference to this very statute when, in Chase National Bank v. United States, 2 Cir., 116 F.2d 625, we held that, as Bing-

---

[1] 1 Paul, Federal Estate and Gift Taxation (1942) 340.

[2] Perkins v. Endicott Johnson Corp., 2 Cir., 128 F.2d 208, 217, 218; L. Hand, J., in Picard v. United Aircraft Corp., 2 Cir., 128 F.2d 632, 636. See The Attitude of Lower Courts To Changing Precedents, 50 Yale L.J. (1941) 1448.

ham v. United States, 296 U.S. 211, 56 S. Ct. 180, 80 L.Ed. 160, had relied on Helvering v. St. Louis Union Trust Company, 296 U.S. 39, 56 S.Ct. 74, 80 L.Ed. 29, 100 A.L.R. 1239, and Becker v. St. Louis Union Trust Company, 296 U.S. 48, 56 S.Ct. 78, 80 L.Ed. 35, it had been overruled by implication in Helvering v. Hallock.

It would have been surprising if the Supreme Court, when willing in the Hallock case to reverse as erroneous the St. Louis Union Trust cases, decided five years earlier, had shown any reluctance to overrule the more patently erroneous May v. Heiner. Mr. Justice Roberts, in his dissenting opinion in the Hallock case, showed that Helvering v. Hallock did in fact overrule May v. Heiner. The reasoning on which he based that conclusion may be summarized as follows: May v. Heiner was decided in 1930. In 1931, in McCormick v. Burnet, 283 U.S. 784, 51 S.Ct. 343, 75 L.Ed. 1413, the court, relying solely on May v. Heiner, reversed a decision holding within § 302(c) a grant creating a life estate in the grantor with remainders to others if they survived the grantor. In 1935, in the St. Louis Union Trust Company cases, the court cited and relied upon both May v. Heiner and McCormick v. Burnet, thus treating the rationale of McCormick v. Burnet and the St. Louis Union Trust case as identical with that set forth in May v. Heiner. What is more, in Helvering v. St. Louis Union Trust Company [296 U.S. 39, 56 S.Ct. 76, 80 L.Ed. 29, 100 A.L.R. 1239], the court adopted the passing-of-title test which had been employed in May v. Heiner, saying that the grantor "held no right * * * which * * * was the subject of testamentary disposition. His death passed no interest to any of the beneficiaries * * *." In the Hallock case, the court, in 1940, rejected that rationale, saying: "Section 302(c) deals with property not technically passing at death but with interests theretofore created. The taxable event is a transfer inter vivos. But the measure of the tax is the value of the transferred property at the time *when death brings it into enjoyment.*" [3] By stressing the statutory language (as to an "interest * * * intended to take effect in possession or *enjoyment* at * * * his death * * * "), [4] the court repudiated the rationale of May v. Heiner. Moreover, the majority opinion in Helvering v. Hallock, when discussing in a footnote what is called the plausible argument that Congress in 1931 had "in principle already rejected the general attitude underlying the St. Louis Union Trust cases," significantly stated that "in those cases the majority, in part at least, relied upon the * * * May v. Heiner doctrine," [5] thus in effect agreeing with Mr. Justice Roberts that the doctrine of the cases which the court was then overruling was at one with that of May v. Heiner. If the court, when thus expressly noting that fact, had wished to avoid the obvious conclusion that it was wiping out May v. Heiner, it would have been easy to say so, and it is unlikely that it would not have said so in the light of Mr. Justice Roberts' dissent.

Paul says, "Undoubtedly the Hallock case and May v. Heiner are incompatible"; [6] see also 49 Yale L. J. 1118. In Bankers Trust Company v. Higgins, 2 Cir., 136 F.2d 477, we said that Helvering v. Hallock had not overruled May v. Heiner; but in that case the government in its brief expressly stated that it was not on that appeal making the contrary contention, and we therefore did not have the benefit of the discussion which it has now supplied by its brief in the instant cases.

My colleagues suggest that if the Hallock case overruled May v. Heiner, it must also be true that it overruled Hassett v. Welch, 303 U.S. 303, 58 S.Ct. 559, 82 L.Ed. 858. That does not follow; for the opinion in the Hassett case shows that the parties expressly refrained from arguing whether the Heiner doctrine should be repudiated, confining their arguments to the single issue whether Congress had retroactively repealed it. [7] It is also suggested that if Helvering v. Hallock overruled May v. Heiner, then it must also have overruled Reinecke v. Northern Trust Company, 278 U.S. 339, 347-349, 49 S.Ct. 123, 73 L.Ed. 410, 66 A.L.R. 397. But in Reinecke v. Northern Trust Co. the court did not have before it a case where a

---

[3] Italics added.

[4] Italics added.

[5] My colleagues, in their discussion of that footnote, ignore the language I have quoted.

[6] Loc. cit., 341, note 22.

[7] See Paul, loc. cit., 340, 341, for an answer to the suggestion that Congress, by making the amendment prospective, deliberately adopted the Supreme Court's construction, in May v. Heiner, of § 302 (c).

grantor reserved a life estate but one where he created estates in enjoyment in persons other than himself with remainders to still other persons. The court said that there was doubt whether the statute would be constitutional if construed so as to apply to such a grant, carefully describing it as one in which both the life estate and the remainders were granted to others than the donor; largely on that ground the court construed § 302(c) to be inapplicable. As Judge Opper observed in the Tax Court in one of the cases now before us, that May v. Heiner and Reinecke v. Northern Trust Co. are obviously distinguishable appears from the fact that a Heiner type of grant made after 1931 is within the 1931 amendment as construed in Hassett v. Welch, while a Reinecke type of grant made after that date is not.[8]

The taxpayers here, in order to show that the Supreme Court will not hold that May v. Heiner is passeé, make much of the fact that the grantors here and other persons may have relied on that decision as a precedent. Of course, there could have been no such reliance by anyone who made a gift after the amendment of March 3, 1931 which became operative a few months after the Heiner decision. As the trust agreements here, however, were made before the Act's amendment, the taxpayers argue that the grantors, now dead, might have changed their grants, relinquishing their life interests except for reliance on May v. Heiner. The facts of the cases at bar tend to show that no such changes would have been made by the grantors here even if May v. Heiner had been otherwise decided. It is possible that other grantors, whose estates are not here involved, did rely on May v. Heiner;[9] perhaps the Supreme Court would differentiate as to instances where such reliance can be demonstrated,[10] on the analogy of cases where a statute has been held unconstitutional as applied to one person on one set of facts but constitutional as applied to another person on another set of facts.[11] Assuming that, regarding stare decisis as a doctrine of estoppel,[12] the Supreme Court will so differentiate, I think that, at most, the instant cases should be remanded to the Tax Court to determine whether the grantors here did in fact rely on May v. Heiner.

---

[8] There seems never to have been any doubt that a May v. Heiner type of trust could constitutionally be brought within § 302(c); see Hassett v. Welch, 303 U. S. at page 309, 58 S.Ct. at page 562, 82 L.Ed. 858.

My colleagues indicate that they believe that a judicial repudiation of May v. Heiner would not logically call for a similar repudiation of Reinecke v. Northern Trust Co.

[9] That same argument was made by the taxpayers in the Hallock case. There the court said, "We have not before us interests created or maintained in reliance on those cases." However, there doubtless were other situations, not then before the court, in which grantors, having relied on the St. Louis Trust decisions, had made or left unchanged trust instruments, and had died in the five-year interval between those decisions and the decision in Helvering v. Hallock.

[10] See Oliver Company v. Louisville Realty Co., 156 Ky. 628, 161 S.W. 570, 51 L.R.A.,N.S., 293, 300-302, Ann.Cas. 1915C, 565; Neff v. George, 364 Ill. 306, 4 N.E.2d 388, 391. Cf. Moore and Ogleby, The Supreme Court, Stare Decisis and Law of The Case, 21 Texas Law Review (1943) 514.

[11] See St. Louis, I. M. & S. R. Co. v. Wynne, 224 U.S. 354, 32 S.Ct. 493, 56 L. Ed. 799, 42 L.R.A.,N.S., 102, and Kansas City Southern R. Co. v. Anderson, 233 U.S. 325, 329, 330, 34 S.Ct. 599, 58 L.Ed. 983. Cf. Gelpcke v. City of Dubuque, 1 Wall. 175, 17 L.Ed. 520.

[12] See cases cited in note 10. But see the Hallock case, 309 U.S. at page 119, 60 S.Ct. at page 451, 84 L.Ed. 604, 125 A. L.R. 1368, where the court said, "We do not mean to imply that the inevitably empiric process of construing tax legislation should give rise to an estoppel against the responsible exercise of the judicial process."