**COMMISSIONER OF INTERNAL REVENUE v. LASKER'S ESTATE.**

No. 8365.

Circuit Court of Appeals, Seventh Circuit.

April 12, 1944.

Samuel O. Clark, Jr., Sewall Key, J. Louis Monarch, and L. W. Post, Asst. Attys. Gen., and J. P. Wenchel and Ralph F. Staubly, Bureau of Internal Revenue, both of Washington, D. C., for petitioner.

Albert L. Hopkins, J. C. Halls, Harry D. Orr, Jr., John P. Wilson, J. Francis Dammann, and Clay Judson, all of Chicago, Ill. (Hopkins, Sutter, Halls & DeWolfe and Wilson & McIlvaine, all of Chicago, Ill., of counsel), for respondents.

Before SPARKS, MAJOR, and KERNER, Circuit Judges.

MAJOR, Circuit Judge.

This is an appeal from a decision of the United States Board of Tax Appeals (now the Tax Court of the United States), holding that certain transfers made by respondents' decedent by trusts executed December 7, 1931 were not to be included in the decedent's gross estate, under Sec. 302 (c) of the Revenue Act of 1926, c. 27, 44 Stat. 9, 26 U.S.C.A. Int.Rev.Acts, page 227.

Inasmuch as there is no dispute as to the facts in the case as found by the Board, and in view of petitioner's position before this court, as hereinafter stated, we see no reason to set forth such facts in detail. The opinion of the Board is reported in 47 B.T.A. 172, where the essential elements of the controversy may be found.

Briefly, the situation may be stated as follows: On December 7, 1931, decedent created three trusts (substantially identical), one for the primary benefit of each of her three children, and transferred certain securities to the trustees of the respective trusts. Decedent, prior to the time of her death, had eliminated from the trust instruments by amendments thereto all rights of modification, termination and revocation. By the terms of the trusts, decedent, prior to her death, had disposed of both the principal and income of the trusts to and among either the issue of the grantor surviving from time to time, or to the brothers and sisters of Albert D. Lasker, husband of the grantor, or the issue of deceased brothers and sisters of said Lasker, surviving from time to time, or the next of kin of the grantor, surviving from

time to time. None of the trusts could be modified or amended in any manner by anyone.

By the express provisions of the trusts as they stood at the date of her death, the grantor retained no economic or beneficial interest of any kind and no such interest could or would pass at death from her possession, enjoyment or control. Decedent at the time of death was 56 years of age, and at the time of the creation of the trusts, as well as at the time of death, there were living, in addition to the decedent's husband and their three children, approximately thirty persons, all of whom were younger than the decedent, who would take the trust property in case of the death of all of the primary beneficiaries (decedent's children) without issue.

The contested issue is whether or not the transfers in trust made by decedent are to be included as part of her estate for federal estate tax purposes as transfers "intended to take effect in possession or enjoyment at or after his death." It may be pertinent to observe that the Commissioner (petitioner) stipulated before the Board that no contention was made that the transfers were made in contemplation of death.

The Board in its opinion (47 B.T.A. page 179) stated:

"The decision of the Supreme Court in Reinecke v. Northern Trust Co., 278 U.S. 339 [49 S.Ct. 123, 73 L.Ed. 410, 66 A.L.R. 397], completely answers respondent's [the Commissioner] argument that the gifts in trust were intended to take effect at or after death."

There is no question but that the Reinecke case squarely and decisively decides the issue of the instant case favorably to respondents. The Commissioner does not argue to the contrary; in fact, tacitly at least, he concedes that such is the situation. However, it is urged that the rationale of the Reinecke case has been overruled by the decision in Helvering v. Hallock, 309 U.S. 106, 60 S.Ct. 444, 84 L.Ed. 604, 125 A.L.R. 1368. In reality, that is the issue with which we are now confronted.

If Hallock overrules Reinecke, it is by implication, for admittedly it does not do so by any express language. Since the Hallock decision, the Commissioner has sought in a number of cases to obtain the decision sought here, that is, that Hallock by implication overrules Reinecke and similar cases. The courts, however, have uniformly refused to accept the Commissioner's contention. Cf. Commissioner v. Kellogg, 3 Cir., 119 F.2d 54; United States v. Brown, 9 Cir., 134 F.2d 372; Bankers Trust Company v. Higgins, 2 Cir., 136 F. 2d 477; Helvering v. Proctor et al., 2 Cir., 140 F.2d 87.

We know of no good purpose which could be served in analyzing and comparing the facts of the Reinecke and Hallock cases, or the reasoning employed by the court in those cases, with a view of ascertaining if the court intended by its decision in the latter case to overrule the former. It is significant and, for our purpose, of controlling importance that if the Supreme Court had intended to overrule its former decision in the Reinecke case, it could and no doubt would have so stated. This it did not do. It would be well near presumptuous on our part, so we think, to undertake to speak for the Supreme Court under such circumstances. At any rate, we are unwilling to attribute to the Supreme Court an intention impliedly to overrule its former decision in Reinecke. So we join the numerous other Courts of Appeals in denying the Commissioner's contention.

The judgment is affirmed.